JAMES O'MALLEY ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN ET AL.

Submitted July 5, 1912—Decided January 7, 1913.

1. Under the act of March 27th, 1902 (*Pamph. L., p.* 200), a contract for the removal of garbage cannot lawfully be awarded for a term of five years beginning December 15th, 1911, when the advertisement called for proposals for a term beginning September 25th, 1911.

2. Under the act of March 27th, 1902 (*Pamph. L., p.* 200), a contract cannot lawfully be awarded for the removal of garbage in accordance with specifications annexed thereto when, in fact, the specifications so annexed were not in legal existence at the time the call for bids was advertised, and when the call was for bids "in accordance with specifications on file," and in fact none were on file.

On *certiorari.*

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutors, *Leon Abbett.*

For the defendants, *John J. Fallon.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up for review the award of a garbage contract.

The state of the case shows that in pursuance of a resolution of the city council of Hoboken, passed August 23d, 1911, the city clerk advertised for proposals *to be submitted to city council September 27th, 1911,* for the removal of garbage, &c., *"for the term of one year, three years and five years, beginning September 25th, 1911, in accordance with specifications on file* in the office of the city clerk." The resolution recites that it is "in pursuance of the provisions of an act of the legislature approved March 27th, 1902." *Pamph. L., p.* 200.

On September 27th, 1911, city council received several bids for the five-year term, among others, that of the Hudson Contracting Company for $52,980, and that of the Central Contracting Company for $56,000.

On November 29th, 1911, city council by resolution rejected the bid of the Hudson Contracting Company and awarded the contract to the Central Contracting Company for five years upon their bid of $56,000. The resolution recited that after a hearing given to the Hudson Contracting Company, city council determined that it "was not to the best interests of the city to award the contract" to them "because of the slovenly and unsatisfactory manner in which they have performed their work."

On December 13th, 1911, the resolution awarding the contract was vetoed by the mayor, and on the same day it was passed over his veto.

On December 14th, 1911, a contract was entered into between the city and the Central Contracting Company for the removal of garbage, &c., "in accordance with the specifications hereto annexed, for the term of five years, *beginning December 15th, 1911.*"

The state of the case also discloses that at the time the call for bids was advertised no specifications were on file, and that the specifications annexed to the contract were not formulated and adopted by council until November 29th, 1911.

The prosecutors who challenge this proceeding are two taxpayers besides the Hudson Contracting Company.

We are of the opinion that the proceedings and contract are so irregular as to require us to set them aside.

Passing over the question of the propriety of the rejection of the bid of the Hudson Contracting Company under the rule laid down in *Faist* v. *Hoboken,* 43 *Vroom* 361, we find these difficulties:

The contract awarded was for a term of five years beginning December 15th, 1911, while the advertisement called for proposals for a term beginning September 25th, 1911. Such a contract must be set aside. It is not necessary to hold, and we do not hold, that under *Pamph. L.* 1902, *p.* 200, it was

necessary in the call for proposals to designate the beginning of the term. What we do hold is that such designation being made, the advertisement will not support an award of a contract for a different term.

Moreover, the call was for bids "in accordance with specifications on file," when in fact none were on file, and the contract was awarded for the removal of garbage in accordance with specifications annexed thereto when in fact the specifications so annexed were not in legal existence at the time the call for proposals was advertised. Such a contract cannot lawfully be awarded in such circumstances.

The resolution and contract under review will be set aside, with costs.