Argued June 27, affirmed September 16, 1919.

## RALSTON *v.* BENNETT, SUPERINTENDENT OF BANKS.

(183 Pac. 766.)

**Judgment—Erroneous Decree of Supreme Court cannot be Set Aside by Suit to Vacate.**

1. An erroneous decree of the Supreme Court cannot be set aside, merely because erroneous, by an original suit, where the court had jurisdiction of the parties and of the cause.

[As to perpetuation of legal error, see note in 73 **Am. St. Rep.** 101.]

**Courts—"Jurisdiction" Defined.**

2. "Jurisdiction" is the power to hear and decide.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

This is a suit in the nature of a bill of review to impeach and set aside a previous decree against the plaintiff herein and in favor of the defendant Sargent, as superintendent of banks, wherein it was decreed that the said superintendent of banks should recover from the plaintiff herein the sum of twenty-four thousand two hundred ($24,200) dollars, and his costs and disbursements, etc.

The original suit was brought by the defendant Sargent against the plaintiff Ralston, to recover upon his liability for 245 shares of the capital stock of the American Bank & Trust Company of Portland. It was alleged in substance that the corporation was insolvent and was in the hands of Sargent, the plaintiff, as superintendent of banks, and that said corporation had issued the shares in question to Ralston; that defendant Ralston, in payment of the same, agreed to transfer certain real property in the City of Portland, which it is alleged, he represented to be of the value of $22,200, and to which, according to the allegations of the complaint, he represented that he had a good merchantable title, which he would transfer by warranty deed to said corporation.

It is further alleged that these representations were false, and as a matter of fact that he had at the time only a tax title to the land in question, of practically no value; that he never has executed the warranty deed which he agreed to execute, and that thereafter, said Ralston caused the manager and cashier of the corporation to execute in his favor an unauthorized

release, against all· claims due from him to the corporation.

This suit finally went to trial in the Circuit Court for Multnomah County and was decided in favor of the plaintiff and against the defendant, who is now plaintiff herein. Ralston, plaintiff herein, appealed to the Supreme Court. The case, being a suit in equity, was tried *de novo* and a decree, which is sought to be set aside herein, was adjudged by this court, and afterwards by order and mandate of this court, was entered in the Circuit Court for Multnomah County.

Thereafter, another suit brought by the bank examiner against Waterbury and other subscribers to the stock of the corporation, was decided by the Circuit Court of Multnomah County, and in its turn came up on appeal to this court. It was here heard before Department No. 1, and it was held that the complaint in that cause was insufficient to support a decree or state a cause of suit, because it did not allege that the defendants were stockholders of the corporation at the time of the commencement of the suit. The court in the latter case distinguished between that case and the· *Ralston Case,* 80 Or. 16 (154 Pac. 759, 156 Pac. 416), upon the grounds that the latter, which may be referred to as the Waterbury case, was in the nature of a winding-up suit against the original subscribers upon their unpaid liability; while the suit in the Ralston case was of a different nature, being brought against Ralston individually to recover the purchase price which he had agreed to pay, and actually attempted to pay, by the fraudulent transfer of the alleged worthless title to the Portland property.

After the Waterbury case was decided, the plaintiff herein brought this suit to set aside the decree in his case, claiming that the decision in the Waterbury case

was inconsistent with that in his own case, and that under the law, as stated in the latter case, the complaint in his case, did not state facts sufficient to constitute a cause of suit.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Charles A. Johns* and *Messrs. Fulton & Bowerman,* with an oral argument by *Mr. Jay Bowerman.*

For respondents there was a brief and an oral argument by *Mr. Sidney J. Graham.*

BENNETT, J.—1. As we view it, it is entirely unnecessary to inquire as to whether or not the decision in the Waterbury case and the principles of law there announced are inconsistent with the decision in the Ralston case sought to be set aside herein. It seems to be entirely settled, that however erroneous a decree of the Supreme Court may be, it cannot be set aside, upon the ground of such errors alone, by an original suit if the court had jurisdiction of the party and the cause.

In the work of Mr. Freeman on Judgments, it is said:

"A court of equity will not lend its aid unless the party claiming its assistance can impeach the judgment by facts or on grounds of which he could not have availed himself at law, or was prevented from doing it by fraud or accident or the act of the opposite party, unmixed with negligence or fraud on his own part. When a party has once an opportunity of being heard, and neglects to do so, he must abide the consequences of his neglect. A court of equity cannot relieve him, though the judgment is manifestly wrong": Vol. 2 (2 ed.), § 486.

Mr. Black states the rule thus:

"The doctrine is fully established that a court of equity will not, on the application of the defendant in a judgment at law, who has had a fair opportunity to be heard upon a defense over which the court pronouncing the judgment had full jurisdiction, set aside the judgment or enjoin its enforcement, simply on the ground that it was unjust, irregular or erroneous": Black on Judgments (2 ed.), § 367.

It is true the learned writers referred to had particularly in mind, suits to set aside judgments in actions at law rather than decrees in an equity suit; but it is obvious the same principles apply to both.

In *Washington Bridge Co.* v. *Stewart*, 3 How. 413, 425 (11 L. Ed. 658, see, also, Rose's U. S. Notes), the Supreme Court of the United States by Mr. Justice WAYNE, says:

"The Supreme Court has no power to review its decisions, whether in a case at law or in equity. A final decree in Chancery is as conclusive as a judgment at law. * * Both are conclusive as to the rights of the parties thereby adjudicated."

2. There is no claim that the court did not have jurisdiction of the parties in this case, and it seems clear that the subject matter also was within the jurisdiction of the court. Jurisdiction is defined as "the power to hear and decide," and there is no room for question that this court in the original Ralston case, had power to hear and decide as to whether or not the complaint in that case was sufficient to state a cause of suit.

In Brown on Jurisdiction of Courts (2 ed.), Section 2, page 7, it is said:

"If there be a petition that is subject to be assailed by demurrer, if so attacked, and the court having its power called in question, or rather in action, decides that the petition is sufficient, even although in law it

is insufficient, still the court is exercising jurisdiction; and, although the decision and finding of the court is clearly erroneous, it nevertheless is exercising its judicial power, and its failure to correctly decide on the question of the sufficiency of the petition does not deprive it of jurisdiction; its decision is simply erroneous.''

This seems to be the principle uniformly declared by the authorities.

It may seem plausible at first glance that a court should always correct its own errors, whenever called to its attention, but when we remember that such a doctrine would lead to repeated and unending litigation, in which the rights of the parties would never be finally determined, such a rule becomes at once impracticable and impossible. There would seldom be a case in which the losing party would not believe the court had declared the law erroneously, and no number of decisions would be likely to disabuse a disappointed litigant of such a belief.

In this case, if Ralston has a right to bring an original suit to set aside the decision in his case, upon the ground of error, the superintendent of banks would have the right to bring a like suit against the winning defendants in the Waterbury case, and relitigate the questions involved therein. Indeed, in this very case, if the court had such jurisdiction, and should attempt to review the previous decision, in whichever way we might decide it, the losing party would be at liberty to come into court again for a third time, on the claim that we had erred, or were mistaken in our decree; and so the processes of litigation would go on interminably, and would never reach a final and ultimate decision. As long as there are courts and human tribunals mistakes and errors will sometimes occur; but it

is better that such occasional errors shall stand, than that all litigation should be left unending and interminable.

It must not be supposed that we are assuming in any way that the Ralston case was not properly decided, or that the distinction between that case and the Waterbury case was not sound and well taken. We are simply refusing to relitigate these cases or to inquire further as to whether the principles announced therein were just and correct, when the causes have been once finally decided upon appeal.　　AFFIRMED.

Judge JOHNS takes no part in the consideration of this case.