Argued July 2, petition denied and writ dismissed July 29, 1924.

## STATE ex rel. BURKE v. JOSEPH W. BEVERIDGE, as County Clerk.

(228 Pac. 100.)

**Mandamus—Supreme Court cannot Look to Petition to Enlarge or Support Writ.**

1. Alternative writ and demurrer thereto constitute entire record for consideration by Supreme Court, which cannot look to petition to enlarge or support writ, Sections 618–620, Or. L.

**Pleading—Construed Most Strongly Against Pleader on Demurrer.**

2. Pleadings, tested by demurrer, will be construed most strongly against pleader.

**Mandamus—Demurrer to Alternative Writ Does not Admit Conclusions of Law.**

3. Demurrer to alternative writ admits only facts stated therein, not conclusions of law.

---

See 26 Cyc., pp. 178, 465, 466, 467, 474; 31 Cyc., p. 81.

**Mandamus—Statements in Alternative Writ Held Conclusions of Law not Admitted by Demurrer.**

4. Statements in alternative writ of mandamus, to compel issuance of writ of execution, that order vacating judgment was entered after time allowed by statute, and that court had no jurisdiction to enter it, *held* conclusions of law, not statements of fact admitted by demurrer.

**Mandamus—Presumption of Proper Entry of Order Vacating Judgment Held not Overcome by Statements in Alternative Writ.**

5. Presumption under Section 799, subdivision 16, Or. L., that order vacating judgment was properly entered, cannot be overcome by broad statement in alternative writ of *mandamus*, that order was entered after time allowed by statute, and that court had no jurisdiction to enter it, without statement of ground on which order was made.

**Mandamus—Does not Lie to Compel Issuance of Execution After Order Vacating Judgment.**

6. Writ of *mandamus* does not lie to compel issuance of execution after order vacating judgment, as relator has remedy at law by appeal from order under Section 548, Or. L.

Original proceedings in *mandamus*.

In Banc.

This is an original action in this court for a writ of *mandamus* to compel the defendant, Joseph W. Beveridge, County Clerk of Multnomah County, to issue a writ of execution. The alternative writ states that the defendant, Joseph W. Beveridge, is the county clerk of Multnomah County; that the relator as party plaintiff recovered a judgment against Maurice W. Seitz as party defendant in the Circuit Court of the State of Oregon for Multnomah County for the sum of $7,500 which judgment was entered on the eleventh day of April, 1924, and then states:

"And it further appearing that the time within which to pray an appeal from said judgment to the supreme court of the state of Oregon expired on the 10th day of June, 1924, and that no notice of appeal or undertaking was had or given by or on the part of said Maurice W. Seitz, and that the time for appeal from said judgment has expired.

"And it further appearing that heretofore and on the 7th day of June, 1924, the circuit court of the state of Oregon for Multnomah County, acting through the Honorable Robert G. Morrow, Judge, entered an order vacating said judgment, which order was entered after the time allowed by statute in which to enter said order, and the court had no jurisdiction to enter said order."

Said writ further states that the relator demanded of said county clerk a writ of execution which the said county clerk denied, and that the power and authority to issue said writ of execution was vested in the said county clerk. Then follows an appropriate prayer. To the said alternative writ the defendant demurs: (1) On the ground that the relator has a plain, speedy and adequate remedy at law on appeal from the order vacating the judgment; (2) That said writ does not state or contain facts sufficient to entitle relator to the relief demanded.

WRIT DENIED AND PETITION DISMISSED.

For plaintiff there was a brief over the name of *Messrs. Ridgway, Johnson & Montgomery,* with oral arguments by *Mr. Hugh Montgomery* and *Mr. Albert B. Ridgway.*

For defendant there was a brief over the name of *Messrs. Winter & Maguire,* with oral arguments by *Mr. John F. Logan* and *Mr. Robert Maguire.*

COSHOW, J.—1. It has been definitely settled in this state that in *mandamus* proceedings the alternative writ and the demurrer thereto, so far as this case is concerned, constitute the entire record to be considered by the court. This court cannot look to the petition for the alternative writ for the purpose of enlarging or supporting the writ: Sections 618–620,

Or. L.; *Dryden* v. *Daly,* 89 Or. 218, 225 (173 Pac. 667);
*Elliott* v. *Oliver,* 22 Or. 44 (29 Pac. 1); *McLeod* v.
*Scott,* 21 Or. 94 (26 Pac. 1060, 29 Pac. 1).

2. Pleadings when tested by demurrer will be construed most strongly against the pleader: *Loveland*
v. *Warner,* 103 Or. 638, 666 (204 Pac. 622, 206 Pac.
298); *Interior Warehouse Co.* v. *Dunn,* 80 Or. 528,
536, 537 (157 Pac. 806, and cases there cited); *State*
v. *Malheur County Court,* 46 Or. 519 (81 Pac. 368).

3. The demurrer to the alternative writ admits only
the facts stated in the writ, not conclusions of law:
*State* v. *Williams,* 45 Or. 314, 330 (77 Pac. 965, 67
L. R. A. 167); *O'Hara* v. *Parker,* 27 Or. 156, 166 (39
Pac. 1004); *Longshore Printing Co.* v. *Howell,* 26 Or.
527, 535, 536 (38 Pac. 547, 46 Am. St. Rep. 640, 28
L. R. A. 464).

4. Tested by this rule, the statements in the alternative writ "which order was entered after the time allowed by statute in which to enter said order, and the
court had no jurisdiction to enter said order" are
conclusions of law, not statements of facts. Eliminating those two statements the paragraph reads:

"And it further appearing that heretofore and on
the 7th day of June, 1924, the circuit court of the
state of Oregon for Multnomah County, acting
through the Honorable Robert G. Morrow, Judge, entered an order vacating said judgment."

5. The presumption of law is that the order was
properly entered: Section 799, subd. 16, Or. L. This
presumption cannot be overcome by the broad statement of the relator that the order vacating the judgment was entered after the time allowed by statute,
and that the court had no jurisdiction to enter said
order. The alternative writ does not state upon what
ground the order vacating the judgment was made.

We must presume, therefore, that it was properly made. The alternative writ does not state facts sufficient to entitle the relator to the peremptory writ prayed for.

6. The relator had an appeal from the order vacating the judgment: Section 548, Or. L.; *Archambeau* v. *Edmunson,* 87 Or. 476, 484 (171 Pac. 186); *Brewster* v. *Springer,* 79 Or. 88 (154 Pac. 418); *Delovage* v. *Old Oregon Creamery Co.,* 76 Or. 430, 435 (147 Pac. 392); *Blumauer-Frank Drug Co.* v. *Horticultural Fire Relief of Or.,* 59 Or. 58, 59 (112 Pac. 1084). The relator, therefore, had a remedy at law. Where an appeal lies, the writ of *mandamus* does not lie: *In re Clark,* 79 Or. 325, 332 (154 Pac. 748, 155 Pac. 187); *In re Von Klein,* 67 Or. 298, 300 (135 Pac. 870).

For these reasons the petition for a peremptory writ of *mandamus* is refused and the petition dismissed.        Writ Denied and Petition Dismissed.