Argued at Pendleton November 3, affirmed December 6, 1927.

# ROY HARTLEY v. JAMES E. RICE ET UX.

### (261 Pac. 689.)

**Process—Where Defendant was Fugitive, Service of Summons in Mortgage Foreclosure on Minor Son at Usual Place of Defendant's Abode Held Sufficient.**

1. In suit to foreclose a mortgage, where defendant was a fugitive from justice and had left the state, service of summons made by delivering copy thereof with copy of complaint to plaintiff's minor son, over 14 years of age, at usual place of defendant's abode, *held* sufficient, where sheriff certified that defendant was a fugitive and could not be found within county or state; it not following that because defendant had abandoned mortgaged premises and was fugitive from justice he had changed his residence or usual place of abode.

**Judgment—Litigant may Sue to Set Aside Decree Entered as Result of Fraud, Inadvertence, Mistake, Neglect or Surprise (Or. L., § 390).**

2. Under Section 390, Or. L., a litigant who has suffered decree to be entered against him as result of fraud, inadvertence, mistake, neglect or surprise, may sue to have decree impeached and set aside.

**Judgment—Mortgagor, Suing to Vacate Foreclosure Decree, must Show That It was Obtained Either by Fraud or Result of His Excusable Neglect (Or. L., § 390).**

3. Mortgagor, suing to vacate foreclosure decree, under Section 390, Or. L., has burden to show that decree was obtained either by fraud or as result of his excusable neglect.

**Judgment—Courts Favor Opening Default Decrees Rather Than Suit for Vacation (Or. L., §§ 103, 390).**

4. Courts are more inclined to open default decree under Section 103, Or. L., than to set aside or vacate decree under Section 390.

**Judgment—Where Foreclosure Decree was Rendered Without Indication of Fraud by Mortgagee, Decree, Denying Right to Vacate and Set it Aside, must be Affirmed.**

5. Where summons in foreclosure suit was duly served at time when defendant was a fugitive from justice and foreclosure decree was duly rendered and there was no fraud on part of mortgagee, decree denying mortgagor's right to vacate and set aside foreclosure decree must be affirmed, where only difference involved was

---

1. See 21 R. C. L., Process, § 25.

as to application of a payment, and the court was not convinced that mortgagor's testimony overcame testimony of mortgagees.

Appeal and Error, 4 **C. J.**, p. 884, n. 35.
Judgments, 34 **C. J.**, p. 278, n. 89, p. 302, n. 58, p. 305, n. 70, p. 358, n. 99, p. 360, n. 12.
Mortgages, 42 **C. J.**, p. 68, n. 5, p. 71, n. 24, p. 163, n. 86, 87.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

On the twenty-second day of September, 1925, plaintiff, who is appellant here, instituted this suit to vacate and set aside a decree foreclosing a mortgage. Plaintiff was mortgagor and defendant in said foreclosure suit, and defendant James E. Rice was mortgagee and plaintiff in said foreclosure suit. The complaint is too long to justify setting out herein. Defendants answered by general denials and two separate and affirmative defenses. Issue was joined by a reply containing only denials of affirmative answers. The issue can be better separated and stated in the opinion than by a long and separate statement thereof. Defendants had a decree and plaintiff Hartley appeals, assigning eight alleged errors, which will be noticed in order.          AFFIRMED.

For appellant there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. Blaine Hallock.*

For respondents there was a brief and oral arguments by *Mr. D. W. Sheahan.*

COSHOW, J.—1. The first error assigned requiring attention is an attack made by plaintiff upon the service of the summons in the foreclosure suit. At the time this service was made plaintiff was a fugi-

tive from justice. He had been previously arrested upon a criminal charge and committed to jail. He broke jail and left the state. Service was made by delivering a copy of the summons with a copy of the complaint to a minor son of the plaintiff over the age of 14 years at the usual place of abode of the plaintiff. The certificate of service is longer than was necessary but covers all necessary elements to show compliance with the statute. Plaintiff returned to the county during the next term of court after he had become a fugitive from justice, submitted to trial and was acquitted. His return indicates that he had not abandoned permanently his usual abode, and in our opinion the service was complete and sufficient under the statute.

The case of *Swift* v. *Meyers,* 37 Fed. 37, is very similar but there is sufficient difference in the return on the summons in the two cases to justify different results. The pertinent part of the return in the Swift case is:

" 'I hereby certify that I have served the annexed summons in Linn County, Oregon, on the 16th day of October, 1879, on the therein named defendant Philip Grigsby, he not being found, by leaving a copy thereof, * * together with a copy of the complaint, * * with Mary Backus, a member of the family, over the age of 14 years, at his usual place of abode in said county.' "

Judge DEADY held that the certificate was insufficient in this, that a person might have a usual place of abode while in a county that was not his usual place of abode in the state. In that respect we think the opinion goes to the extreme. No one was better qualified than Judge DEADY to pass upon the Oregon

Code. He was president of the Constitutional Convention and had an important part in framing the original Codes of this state. There are other defects in the return in the Swift case which are mentioned in the opinion.

In the instant case the certificate goes further and recites that the defendant was a fugitive from justice. The sheriff also certifies that he could not be found in the county or state. The fact that he is a fugitive from justice makes it sufficiently clear that he could not be found. It was the duty of the sheriff who was trying to find the defendant to serve the summons upon him, to arrest him and return him to jail. Doubtless the sheriff was hunting for the defendant. The return clearly recites those facts. The return also recites that the service was made in Wallowa County and in effect that Hartley's usual place of abode was in that county. The return here does not restrict the place of residence as the usual place of abode in a certain county, but that the service was made in a certain county and at the usual place of abode of defendant.

It is argued, however, that the complaint recites that the defendant had abandoned the premises covered by the mortgage being foreclosed and had departed from the state which clearly indicated that he no longer claimed the premises as his residence. The evidence discloses, however, that the defendant was not residing on the premises but on some adjoining premises. He could have abandoned the premises under mortgage without having moved his residence since he was not residing on the premises. It does not follow, therefore, that because defendant had abandoned the mortgaged premises and was a

fugitive from justice that he had changed his usual place of abode. The evidence discloses in this case that he was a fugitive from justice only for a short time and all the time entertained the intention of returning to his permanent abode.

It is also urged that defendant's son with whom the summons and complaint were left for defendant was not a member of his family, but we find this in the testimony of defendant himself:

"Q. And at what place did they (Hartley's children) make their home after you left? A. Well, she (his adult daughter) made her home with me part of the time, and the boy stayed with her. * *

"Q. Now why was it you did not take all of your household goods and personal property away, and made no effort to do that? A. Well, I wanted to leave them in the home for them. She was able to run the ranch, and the boy was big enough to take care of the ranch; he could do as much as any ordinary man at that time and they could have run the ranch just as good as I could.

"Q. Did they in fact make these premises their home until they were ousted by Mr. Rice? A. They did. * *

"Q. Now you say your children were living and making their home on this Rice place on the Imnaha in the spring of 1924? A. Well, they was living there where I lived.

"Q. In fact they were living with you, weren't they? A. Yes, in the winter.

"Q. And they were part of your family there? You were all living together in the same house, weren't you? A. Yes."

His testimony not only clearly shows that the son was a member of Hartley's family but also that Hartley did not leave his residence permanently when he fled from jail. The complaint in the instant case

describes the absence of Hartley at the time the summons was served as follows:

"That * * plaintiff * * on or about May 21, 1924, left Wallowa County, Oregon, and his home in said county and remained away from said county until about the 9th day of November, 1924."

We think the record clearly shows no intention on the part of Hartley to change his residence or usual place of abode; that his absence was temporary, and that service of the summons in the mortgage foreclosure case was good.

2-4. There can be no doubt that a litigant who has suffered a decree to be entered against him as a result of fraud, inadvertence, mistake, neglect or surprise may maintain a suit to have such decree impeached and set aside: Or. L., § 390. From the view we have taken of the evidence in the instant case we deem it unnecessary to discuss the sufficiency of the complaint in the instant case and other questions of law ably and thoroughly presented by both sides. A careful reading of the testimony convinces us that plaintiff has not sustained the burden of proof which is on him to show that the decree of foreclosure sought to be vacated by the instant proceeding was obtained either by fraud or as a result of the excusable neglect of defendant. It was unfortunate that plaintiff was a fugitive from justice. The fact that he reported for trial and was acquitted establishes his innocence of the charge. It was doubly unfortunate, therefore, that he did not exercise the opportunity he had of presenting his side of the foreclosure case. He returned to Wallowa County and learned of the foreclosure in less than four months after the date of the decree. He could

then have applied and had the decree opened and his defense heard, if he had a defense. While his failure to do that did not deprive him of the benefit of the present suit, yet courts are more inclined to open a default decree under Section 103, Or. L., than to set aside or vacate a decree duly rendered.

5. Finding that the summons was duly served, as · we do, the decree of foreclosure was duly rendered. There are no indications of fraud on the part of the mortgagee. The main point of difference between them revolves around a payment of $500, and we are thoroughly convinced that the mortgagee is honest in his belief and testimony that he tendered no discount of the amount owing by plaintiff in the instant case. There is persuasive evidence supporting plaintiff's contention also, but we believe his evidence is not sufficient to overcome the testimony of defendants. This conclusion requires the affirmance of the decree and it is so ordered.       AFFIRMED.

BEAN, J., did not participate in this opinion.