Argued December 11, 1929; affirmed February 4; rehearing denied February 25, 1930

PETERSON *v.* HUTTON ET AL.

(284 P. 279)

*H. E. Slattery* of Eugene for appellant.

*L. L. Ray* and *C. A. Wintermeier,* both of Eugene, for respondents.

ROSSMAN, J. This is an appeal from an order of the circuit court which overruled a motion, made by the appellant H. Hutton, to vacate a default and the decree entered thereon in a suit wherein he, his wife and three others were the defendants. The facts which culminated in this motion we shall now state briefly. March 20, 1916, the appellant and his wife executed a promissory note for the sum of $2,800 and secured payment of the same by a chattel mortgage. January 22, 1929, respondent, as owner of the note, instituted this suit to recover judgment thereon for the unpaid balance, amounting to $925, and to foreclose the interest of all the defendants in the property described in the chattel mortgage. The return of the sheriff upon the summons recites that both the appellant and his wife were personally served with the complaint and the summons February 2, 1929. March 23, 1929, the court entered its decree in favor of the plaintiff granting the relief prayed for. Later, when the mortgaged property failed upon an execution sale to satisfy the judgment and the plaintiff sought to levy upon other of the appellant's property, this motion, attacking the validity of the decree, was filed; it was presented in the same term that the decree was entered.

The motion to vacate the decree was accompanied by two affidavits, one signed by the appellant and the other by his partner F. A. Clark; it was also accompanied by an answer, which was tendered for filing in the event the decree and default were set aside. The answer admitted the execution of a note and mortgage, but alleged that later one, Mouse, was induced to sign the note in consideration of an agreement by the then holder, who died after the entry of judgment, to extend the time of payment. The answer, thus tendered, also alleges that the appellant's liability upon

the note is barred by the statute of limitations. Upon the morning that the motion was heard the appellant submitted two additional affidavits, each signed by himself. These four affidavits recite that Hutton was never served with process, and support this contention with the averment that he left Eugene, Oregon, being the place where the plaintiff says he was served, for a journey to Des Moines, Iowa, at 4:20 a. m., February 1, 1929. To meet the issues, thus arising, the respondent filed five affidavits; two were subscribed by the two deputy sheriffs, whom the plaintiff says effected the service, two were signed by the attorneys representing the respondent, and the fifth comes from the ticket agent of the Southern Pacific railroad located at Eugene. From these affidavits it appears that Hutton did not purchase his railroad ticket until after 11 a. m. February 2, and that he was in Eugene that day at 5 p. m., when the officers made the service. From one of these affidavits it further appears that upon his return to Eugene, March 21, 1929, he admitted that he had been served with process and asked for a delay in the expectation that the debt would be paid by another of the defendants, whom he believed should discharge it. This affidavit recites that the plaintiff acquiesced in this request and that his attorney wrote the following statement upon the answer of one of the defendants: ''I hereby consent to the above foreclosure and ask that the surplus of sale over and above the first mortgage be paid to me. That my mortgage is a second mortgage. Date March 21, 1929.'' This answer contains Hutton's name in the caption as a defendant; Hutton concedes that he signed the foregoing memorandum, but contends that he did not read it before signing, and assumed that it conformed to an oral agreement, which he avers he had with plaintiff's coun-

sel, which did not contemplate that he should be liable personally in the event the mortgaged property failed to satisfy the note.

■■ It will be observed from the foregoing that this is not an appeal to the discretion of the court for relief from a judgment taken through mistake, inadvertence, surprise, or excusable neglect, as defined by section 103, Or. L. To the contrary, Hutton insists that no judgment should ever have been entered because, he contends, no service of the complaint and summons was effected. If his contention is true, the judgment is invalid and should be promptly vacated. 15 R. C. L., Judgments, § 152. The issue is one of fact only and nothing attendant upon it is directed to the discretion of the court. If the appellant was not served, he should be promptly relieved from the judgment; but if he was served, the judgment is valid, and since he does not attempt to excuse his failure to answer by pleading surprise or excusable neglect, we can not vacate his default and permit him to file his answer.

■■ In endeavoring to convince the court in his favor upon this issue, Hutton assumes the burden of proof, 34 C. J., Judgments, § 567, p. 352, and encounters at the outset the return of the sheriff, "which is presumptively correct and can only be overcome by a clear and unequivocal showing"; Freeman on Judgments (5th Ed.), § 1229. We quote further from the section just cited: "It would work the greatest mischief if as a judgment is taken it could be set aside on the slippery memory of the defendant, perhaps years thereafter that he had not been served." In *Carmichael v. Carmichael,* 101 Or. 172 (199 P. 385), Mr. Justice Brown, on behalf of the court, wrote:

"While section 103, Or. L., is remedial in its character and is intended to furnish a simple, speedy and

efficient means of relief in cases where persons are, in the true sense of the statute, victims of mistake, inadvertence, surprise or excusable neglect, yet its wholesome provisions are not to be invoked so as to render judgments but temporary structures, 'to be torn down, remodeled or rebuilt whenever the builders feel competent to improve the original workmanship or design.' A judgment is sometimes termed a 'finality' because it finally terminates the disputes and adjusts the adverse interests of litigants, and it should never be annulled except upon due consideration based upon a clear showing.''

From *Huntington v. Crouter,* 33 Or. 408 (54 P. 208, 72 Am. St. Rep. 726), we quote:

."A court of equity should not set aside a judgment at law except upon clear, satisfactory, and convincing proof of a lack of service of process by the officer making the return of service, which must always be prima facie evidence of the material facts recited therein.''

See also *Hartley v. Rice,* 123 Or. 237 (261 P. 689). From 34 C. J., Judgments, p. 358, § 573, we quote:

''The party seeking to have a judgment vacated or opened must establish the facts upon which he relies by clear, strong and satisfactory proof, and this is especially true where it is necessary to overcome an officer's writ of service.''

■ We have read the affidavits submitted by both parties and after carefully considering their contents, agree with the learned judge of the circuit court that the appellant's proof does not possess the cogency necessary to establish that the complaint and summons were not served upon him.

Affirmed.

Coshow, C. J., Belt and Rand, JJ., concur.