Argued March 25; affirmed June 17; rehearing denied
September 9, 1930

## *WALKER *v.* SUTHERLAND, Alien Property Custodian, et al.

(289 P. 387)

*A. D. Leedy* and *G. E. Hamaker,* both of Portland, for appellant.

*John R. Latourette* of Portland for respondents.

---

* On appeal to the United States Supreme Court.

COSHOW, C. J. The main contention of the above named plaintiff in this suit is that the judgment rendered and entered in the case of Howard Sutherland, as Alien Property Custodian, against Wickey, Wemme and Walker was based on contract and not on tort. This court in a decision rendered this day has held to the contrary of plaintiff's contention.

The demurrer to the complaint admits the statements of fact therein, but does not admit the conclusions drawn by plaintiff. The facts set out in the instant case clearly show that the conduct of the above named plaintiff and his co-defendants in the action at law referred to was tortious. See *Wemme v. Hurlburt,* also decided this day. Plaintiff in the case at bar relies on the case of *Re George Teeters,* habeas corpus, 130 Or. 631 (280 P. 660). That case does not sustain the contention of plaintiff in the instant case. From the Teeters' case we take the following:

"The action was brought to enforce the obligation of Teeters to respond in damages for fraudulent representations.alleged to have been made by Teeters to

Lee which induced Lee to part with his money, and this is the obligation which Lee was seeking to enforce in the action and if the allegations of his complaint were true and had been established upon the trial, then the cause of arrest and the cause of action were identical and in such case the clerk would have had authority to issue the writ as a matter of course. The statute, however, provides that it is from the record of the cause and not from the complaint alone that it must appear that the cause of action is also the cause of arrest as prescribed in section 259. This record shows that the question of whether Teeters was guilty of fraud in inducing Lee to part with his money has never been adjudicated."

In the action of Howard Sutherland against Wickey and others, the issues were joined by the complaint and the answer of said Walker as to whether or not said Walker was guilty of fraud. That issue was determined in favor of said Sutherland and against said Walker. The question of fraud was determined judicially against plaintiff herein at the trial and the judgment following. The judgment has this day been affirmed in this court. The instant case is controlled by the case of Sutherland against Wickey et al., *Wemme v. Hurlburt*, and the reports should not be encumbered with another long opinion.

The injunction heretofore issued by this court is dissolved, and the decree of the circuit court is affirmed.

BROWN and ROSSMAN, JJ., concur.

BEAN, J. For the reason stated in the case of *Sutherland v. Wickey*, this day decided, I withhold my assent to this opinion.