Argued November 3; affirmed December 7, 1943

# MATTOON ET UX. *v.* COLE
### (143 P. (2d) 679)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and LUSK, Associate Justices.

*L. B. Sandblast,* of Portland, for appellants.

*William C. Palmer,* of Portland (Weinke & Amstutz, of Portland, on the brief) for respondent.

BAILEY, C. J. This suit was instituted by O. Mattoon and Mollie Mattoon, his wife, against Raymond B. Cole as executor of the estate of Rudolph Janesch, deceased, to cancel and annul a judgment entered against the plaintiffs herein and in favor of Rudolph Janesch about June 15, 1937, and to enjoin the defendant herein from issuing execution on such judgment. The demurrer of the defendant to the second amended complaint on the ground that it did not state facts sufficient to constitute a cause of suit was sustained. Upon the plaintiffs' refusal to plead further a decree was entered dismissing the suit, from which decree the plaintiffs have appealed.

The following facts appear from the second amended complaint: Sometime prior to November, 1927, Nathan M. Simon and his wife were the owners of lot 13, block 7, Parkhurst addition to the city of Portland, and, as such owners, had mortgaged the described property for $2,000 to Marie Janesch, who assigned the mortgage to Rudolph Janesch. Thereafter, on or about November 18, 1927, Nathan M. Simon and his wife sold and conveyed the real property to the plaintiffs, subject to the "aforesaid mortgage, but in said transaction plaintiffs did not agree verbally, in writing or otherwise, then, or at any other time, either before or afterward, to assume or pay the said mortgage or the debt evidenced thereby, or the promissory note evidencing such debt or any part thereof".

Prior to April 1, 1937, the indebtedness for which the mortgage was given as security became delinquent. On or about that date the decedent, who had known from the time of the conveyance of the property to the plaintiffs herein that they had not assumed or agreed to pay the mortgage or the debt thereby evidenced,

came to the plaintiffs' home and told them that he "would immediately institute proceedings upon said mortgage, unless the plaintiffs would assume and agree to pay said mortgage and promissory note and the full amount of the debt so evidenced by said documents aforesaid". The plaintiffs then told the decedent that they would not agree to pay the mortgage. About a month later the decedent made the same demand and it was again refused; and about the same time an agreement was entered into between the plaintiffs and the decedent whereby the plaintiffs granted to him an option for a quitclaim deed from them either before or after foreclosure upon payment of $25 to them by the decedent.

On May 28, 1937, the decedent instituted foreclosure proceedings against the mortgagors and others, including these plaintiffs. In the complaint therein the decedent alleged that these plaintiffs had "agreed to pay said note and mortgage". The plaintiffs herein were served in that suit "by copy of summons only, and neither of them received a copy of the complaint", and "each of them refrained from the trouble and expense of obtaining a copy of said complaint and examining the file thereof to ascertain all its contents and let the said suit go to judgment by default". A personal judgment therein was entered against these plaintiffs for the full amount of the mortgage indebtedness, together with attorneys' fees, costs and disbursements. Thereafter the mortgaged property was sold for less than the amount of that judgment, and the deficiency therefrom resulting is now an amount in excess of $600.

The plaintiffs further allege that they had refrained from obtaining a copy of the complaint or examining the court records because of their assump-

tion that since Rudolph Janesch knew that they had not agreed to pay the indebtedness "he would not seek in said suit nor take judgment therein for anything more than he was entitled to seek and take; and that the said plaintiffs did so refrain from such inquiry and permitted the said suit to go to the judgment aforesaid solely upon the reliance then placed upon the aforesaid disclosure, statement and demand for agreement to assume, pay and become personally liable for the aforesaid mortgage indebtedness, as hereinabove alleged".

After setting forth the facts above noted the second amended complaint proceeds as follows:

". . . that by the aforesaid disclosure of knowledge, demand for assumption of personal liability, the general attitude, demeanor and expressions in manner of statement used by said Rudolph Janesch at the aforesaid times so short in time before beginning such foreclosure, which in effect were tantamount and equivalent to a direct, clear and certain statement and promise to plaintiffs that in such foreclosure suit he would not seek nor cause to be entered therein a judgment that would be against them for personal liability or for the recovery from them of any money payment whatsoever, including costs, disbursements; that the plaintiffs had a right to rely and did so rely upon the aforesaid statements and promise so made by him as aforesaid, and so relying refrained from preventing the entry of the aforesaid judgment in the said respect of personal money judgment against them."

The pleading quoted concludes with allegations that the plaintiffs, because of the facts by them averred, made no inquiry as to the contents of the judgment or as to the sale proceedings thereon based; that they believed that the decedent had not taken any per-

sonal judgment against them; and that they first learned of such judgment after his death and on or about March 26, 1942, when the defendant herein made a demand upon them for the balance remaining unpaid on the judgment.

The demurrer to the second amended complaint admits as true all the facts therein well pleaded and all the intendments and inferences therefrom that can properly and reasonably be drawn: *Wills v. Nehalem Coal Co.,* 52 Or. 70, 96 P. 528; *Marshall v. Marshall,* 98 Or. 500, 194 P. 425; 21 R. C. L., Pleading, § 70, page 506.

Under the foregoing rule, "only such allegations as contain statements of fact as distinguished from conclusions of fact or of law" are admitted by the demurrer: *Longshore Printing Company v. Howell,* 26 Or. 527, 536, 38 P. 547, 28 L. R. A. 464, 46 Am. St. Rep. 640; *State ex rel. v. Williams,* 45 Or. 314, 330, 77 P. 965; 67 L. R. A. 167; *State ex rel. Burke v. Beveridge,* 112 Or. 19, 228 P. 100; *Walker v. Sutherland,* 133 Or. 457, 289 P. 387; 21 R. C. L., Pleading, § 70, page 508. Pleadings when tested by demurrer must be construed most strongly against the pleader: *State ex rel. Burke v. Beveridge,* supra, and authorities therein cited.

The averment of the second amended complaint last above quoted is not a statement of any probative fact, but only the plaintiffs' conclusion of law. It is not an intendment or inference properly and reasonably to be drawn from the facts alleged. Therefore, it is not admitted by the demurrer and should be disregarded.

According to their allegations, the plaintiffs did not until sometime in 1942 have actual knowledge that a personal judgment had been taken against them. They of course had constructive notice of that fact, however, on the date that judgment was rendered against them, inasmuch as they had been properly served with

legal process. When they received actual notice, in 1942, that personal judgment had been taken against them they did not apply to the court, pursuant to § 1-1007, O. C. L. A., to be relieved from that judgment on the ground that it had been taken against them through their mistake, inadvertence, surprise or excusable neglect, although they had one year from discovery to make such application: *Anderson v. Guenther,* 144 Or. 446, 460, 22 P. (2d) 339, 25 P. (2d) 146. Their failure to avail themselves of the remedy provided by § 1-1007, supra, does not preclude them from proceeding in equity in an independent suit: *Froebrich v. Lane,* 45 Or. 13, 23, 76 P. 351, 106 Am. St. Rep. 634. The courts, however, are more inclined to open up a default decree or judgment under that section of the code than to set aside or vacate, in an independent suit, one duly rendered: *Hartley v. Rice,* 123 Or. 237, 243, 261 P. 689.

In our opinion, the facts alleged in the second amended complaint are not sufficient to entitle the plaintiffs to equitable relief. This court in *Ralston v. Bennett,* 93 Or. 519, 183 P. 766, quoted with approval from 2 Freeman on Judgments, Second Edition, § 486, the following:

> "A court of equity will not lend its aid unless the party claiming its assistance can impeach the judgment by facts or on grounds of which he could not have availed himself at law, or was prevented from doing it by fraud or accident or the act of the opposite party, unmixed with negligence or fraud on his own part. When a party has once an opportunity of being heard, and neglects to do so, he must abide the consequences of his neglect. A court of equity can not relieve him, though the judgment is manifestly wrong."

The term "fraud" as used in the foregoing quotation "means the perpetration of an intentional wrong, or the breach of a duty growing out of a fidu-

ciary relation. To obtain relief on this ground, it is necessary that the fraud charged should be clearly stated and proved, and it must be shown that the fraud was practiced or participated in by the judgment creditor; that it was actually effective in bringing about the judgment which was rendered": *Bowsman v. Anderson*, 62 Or. 431, 440, 123 P. 1092, 125 P. 270.

The grounds on which equitable relief from a judgment will be granted are thus set out in Restatement of the Law of Judgments, § 121:

"Subject to general equitable considerations (see §§ 127–130), equitable relief from a valid judgment will be granted to a party to the action injured thereby if the judgment was based upon a fraudulent claim or defense which he did not contest because he was

"(a) fraudulently misled by the other party to the action to believe that he had no claim or defense, or

"(b) prevented by duress from contesting it."

In the comments on clause (a) the following illustration is given:

"The fact that the other party was aware of the invalidity of his claim or defense is not of itself a sufficient basis for equitable relief against the effects of the judgment. To permit such relief, it is essential that there should be wrongful and misleading conduct. Such conduct ordinarily involves perjury and frequently involves the forgery of documents. It may, however, consist of pressing a claim known to be non-existent combined with suppressing facts solely and peculiarly within the knowledge of the person obtaining the judgment (see Illustration 3). As stated in § 129, equitable relief is granted only where the deceived person had no reasonable means of information and where he could not have succeeded in obtaining the truth by the pursuit of such means of information as he had."

This court has heretofore, in *Hagey v. Massachusetts Bonding & Insurance Co.*, 169 Or. 132, at 156, 126 P. (2d) 836, 127 P. (2d) 346, approved what is said in § 121, clause (a), which section, however, was there cited (prior to publication of the text quoted) as numbered 510, rather than 121. See also, *Galbraith v. Barnard*, 21 Or. 67, 26 P. 1110, and 3 Freeman on Judgments, Fifth Edition, §§ 1204, 1213 and 1214.

■ When the plaintiffs herein were served with summons as defendants in the foreclosure proceedings they had actual notice that suit had been instituted against them by Rudolph Janesch as plaintiff and that if they failed to answer the complaint in that suit the plaintiff would apply to the court "for the relief demanded therein": § 1-603, O. C. L. A. They did not bother, however, to ascertain the allegations contained in the complaint or the relief that Janesch was demanding. They assumed that because Janesch knew that they had not agreed to pay the mortgage and refused to do so he would not ask for personal judgment against them.

The plaintiffs do not claim that Janesch either before or after instituting the suit told them that he would not take a personal judgment against them. There is nothing in the pleadings to indicate that the plaintiffs herein were prevented by Janesch from appearing in the foreclosure suit and setting up any defense therein that they might have had. They were not fraudulently misled by Janesch or prevented by duress from contesting the suit. If judgments and decrees could be set aside on such slight showing as is here made, there would be no end to litigation.

The decree appealed from is affirmed.