Argued March 12, affirmed April 1, 1959

# NADEAU *v.* POWER PLANT ENGINEERING CO.

337 P. 2d 313

*Francis F. Yunker,* of Portland, argued the cause and filed a brief for appellant.

*Bruce Spaulding,* of Portland, and *Harry Margolis,* of Seattle, argued the cause for respondent. With them on the brief were Mautz, Souther, Spaulding, De-necke & Kinsey, of Portland, and Walsh & Margolis, Seattle.

Before McAllister, Chief Justice, and Warner, Sloan and Millard, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal from an order sustaining defendant's demurrer to plaintiff's second amended complaint and dismissing the case upon plaintiff declining to further plead.

In his complaint plaintiff alleges that he was employed by defendant corporation as a sheet metal worker in the construction, alteration and repair of heating units. It was further alleged that under the terms of his employment plaintiff was required to and did perform his work for the defendant within the State of Oregon, but on August 29, 1953, as incidental to such employment, plaintiff was directed to and did perform temporary work for defendant in the State of Washington; that in addition to sheet metal work, plaintiff was on occasion required to chip or chisel apertures in walls of buildings in order to enable him to run sheet metal conduits and install registers; that on the day in question, while so engaged in installing registers in a building in the State of Washington, a piece of concrete or metal was chipped from the wall or from the hammer which plaintiff was using, causing a fragment thereof to become embedded in the plaintiff's right eye. As a result plaintiff says he was confined to a hospital on several occasions and treated, and the injury sustained caused plaintiff to lose the sight of his right eye, and as a result plaintiff has, and will in the future, suffer pain and mental anguish; that loss of his sight is permanent, all to plaintiff's damage, in the sum of $75,000. Plaintiff further alleges that the incident and resultant injury was proximately caused

by the careless and negligent act of the defendant in failing to furnish plaintiff with goggles for his protection for use while chipping upon the said concrete wall, contrary to the provisions of the Basic Safety Code of the State of Oregon. It was further alleged said code provided that "Goggles designed and effective for the purpose intended shall be worn for work where flying particles, dusts, gases, mists or vapors, are a hazard to the eyes." Plaintiff then alleges "that at the time of said accident, plaintiff was not subject to the Workmen's Compensation Law of the State of Washington." Following this, plaintiff alleges special damages followed by prayer for relief, etc.

Defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action and specifically stated "that plaintiff was working in the State of Washington at the time of the accident referred to, and under the law of Washington no cause of action exists under the circumstances therein set forth."

In passing upon the correctness of the ruling of the trial court defendant contends that we must disregard that portion of the complaint which alleges that "plaintiff was not subject to the Workmen's Compensation Law of the State of Washington, "because such statement is a mere conclusion of law.

In the case of *Coblentz v. State Ind. Acc. Com.,* 203 Or 258, 262, 279 P2d 503, where a like phrase was pleaded, it was held to state a conclusion of law. See also *Ward v. School District No. 18 of Tillamook County,* 157 Or 500, 73 P2d 379. A conclusion of law in a pleading is not issuable, requires no denial, does not aid the pleading and amounts to a nullity. *Kelly v. Mallory,* 202 Or 690, 697, 277 P2d 767; *Mattoon v. Cole,* 172 Or 664, 669, 143 P2d 679. We therefore con-

clude that the questioned phrase is a nullity and does not present any issue.

In contending that the court erred in sustaining the demurrer plaintiff in his brief admits that Title 51, Revised Code of Washington, declares and establishes the public policy of that state by providing for compulsory workmen's compensation and at the same time prohibits any action by an employee against an employer because of injuries sustained by reason of the negligence of the latter and that the prohibition is absolute, and the sole remedy of an injured workman in the State of Washington is under the Workmen's Compensation Act of that state. See also Sections 51.04.010, 51.04.020, 51.08.080, 51.08.180, 51.12.010, 51.20.040, 51.20.250 of the Revised Code of Washington; *Ash v. SS Mullen,* 43 Wash2d 435, 261 P2d 118; *Tate v. General Electric Co.,* 43 Wash2d 185, 260 P2d 901; *Anderson v. Allison,* 12 Wash2d 487, 122 P2d 484; *Rector v. Cherry Valley Timber Co.,* 115 Wash 31, 196 P 653; *Ross v. Erickson Construction Co.,* 89 Wash 634, 155 P 153.

Nevertheless plaintiff claims that he has a cause of action lying, not in tort, but in contract, by virtue of the provision of the Workmen's Compensation Law of the State of Oregon, which proceeds on the theory of contract as opposed to tort liability, and that since the contract of employment was made in Oregon, the laws of Oregon rather than the laws of Washington govern liability in this case. At this juncture it should be noted that the complaint does not state where the contract was entered into but it does show that substantially the main part of plaintiff's work was to be performed in this state.

In the case of *West et al. v. Kozer,* 104 Or 94, 206

P 542, this court, in referring to the Workmen's Compensation Law of this state, stated as follows:

"* * * there is no doubt of the existence of a contract between the employer, the employee and the state, that in case of injury to the employee his compensation should be adjusted and paid from the fund provided in that act: American Radiator Co. v. Rogge, 86 N.J.L. 436 (92 Atl. 85, 94 Atl. 85); Sexton v. Newark Dist. Telegraph Co., 84 N.J.L. 83-100 (86 Atl. 451); Gooding v. Ott, 77 W.Va. 487 (87 S.E. 862, L.R.A. 1916D, 637). * * *" 104 Or 94 at 96.

Since liability under the Workmen's Compensation Act is based upon the theory of contract, we turn to the provisions of that act to determine whether or not a new right of action is thereby created since the general rule is that liability in case of tort is governed by the law of the place where the right of action arose, as we shall presently point out.

Plaintiff argues that he has a cause of action arising under the provisions of ORS 656.024 and 656.126(1), (Prior to amendment, Chapter 723, Section 1, Oregon Laws 1955 and Chapter 474, Section 1, Oregon Laws 1957) of the Workmen's Compensation Law, the pertinent parts of which read as follows:

"Before becoming engaged as an employer in any hazardous occupation defined by ORS 656.082 to 656.086, the employer may file with the commission a statement in writing declaring his election not to contribute to the Industrial Accident Fund, and thereupon shall be relieved from all obligations to contribute thereto. Such employer shall be entitled to none of the benefits of ORS 656.002 to 656.590 and shall be liable for injuries to or death of his workmen, which are occasioned by his negligence, default or wrongful act *as if such statutes had not been passed.* * * *" ORS 656.024. (Italics ours.)

"If a workman employed to work in this state and subject to ORS 656.002 to 656.590 temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of his employment, he, * * * is entitled to the benefits of ORS 656.002 to 656.590 as though he were injured within this state, *if at the time of the accident he was not subject to the workmen's compensation law of the jurisdiction in which he was injured.*" ORS 656.126(1) (Prior to amendment as above stated). (Italics ours.)

■■ The provision of ORS 656.024 discloses that a new right of action is not thereby created since it expresly sets forth that in the event of failure of the employer to contribute he would be liable "as if such statutes had not been passed." In other words, in such event, the employee would no longer be afforded this protection given him under the Workmen's Compensation Act.

"Independent of the order of the commission, and independent of the Employers' Liability Act, the law has always attached an obligation upon the employer to respond in damages to the employee for his, the employer's negligence. No new cause of action has been created by the statute, or the rules of the State Industrial Accident Commission, but only a determination of the standard of care to be exercised by the employer toward his employee." *Shelton v. Paris,* 199 Or 365, 373, 261 P2d 856.

Further, ORS 656.126 as it then existed adds nothing since it relates to the right of the workman to compensation under the Workmen's Compensation Act of Oregon in the event he is in the course of his employment temporarily without the state and then only "if at the time of the accident he was not subject to the workmen's compensation law of the jurisdiction in which

he was injured." It thus clearly appears that a new right is not thereby created, but only an existing statutory right is enlarged, viz., the right to compensation.

Numerous cases have been cited by plaintiff which we find unnecessary to refer to here since they have to do with either the right to compensation under workmen's compensation acts, or are clearly distinguishable from the issues raised here.

Plaintiff relies particularly on *Alaska Packers Assoc. v. Ind. Acc. Com.*, 294 US 532, 55 SCt 518, 79 L Ed 1044. In that case the employee was hired in California to work in a salmon cannery in Alaska, where he sustained injury. The contract of employment required the employee to be bound by Alaska's workmen's compensation law. The California statute provided that the commission of that state should have jurisdiction of controversies arising out of injuries suffered by an employee who was a resident of California at the time of injury, if the contract of hire was made in that state. The statute provided further that no contract should exempt the employer from liability. Compensation was awarded under the Workmen's Compensation Law of the State of California and the employer appealed. It was held that the full faith and credit clause of the Constitution does not deny to any state "the right to apply in its own courts a statute of the state lawfully enacted in pursuance of its domestic policy" for protection of its own residents. From this it might be argued that Oregon could in order to protect its own citizens provide a remedy in a like situation. This, however, Oregon has failed to do, as have heretofore pointed out. See also *Personius v. Asbury Transportation Co.*, 152 Or 286, 53 P2d 1065.

The law of the place where the injury occurs controls as to the existence of a cause of action arising upon tort. *Dryden v. Pelton-Armstrong Co.,* 53 Or 418, 422, 101 P 190; *Traglio v. Harris* (CCA 9), 104 F2d 439, 440; *Slater v. Mexican National Railroad Co.,* 194 US 120, 24 SCt 581, 48 L Ed 900; 11 Am Jur 490, et seq, Conflict of Laws, Section 182; 35 Am Jur 874, Master and Servant, Section 456.

> "In accordance with general rules, the law of the place where the injury occurs or the lex loci delicti controls as to the existence of a cause of action against the master arising out of any injury to the servant, particularly where the contract of employment is there made and to be performed and the negligence complained of there occurs, while the law of the forum controls as to matters relating to the remedy. The rule applies although the contract was made in the state where the action is brought, and the mere fact that the foreign law greatly differs from that of the forum will not prevent its application. Where the contract is made within the state, however, the state may fix the liabilities as between the master and servant which will arise out of, and become incident to, the contract of employment, whether the negligent injury occurred within the state or outside of it, where the employee is outside the state on the business of the employer and pursuant to the contract made in the state." 56 CJS 844, Section 172.

We have already pointed out that Oregon has not by its statutes above referred to acted to create a new right of action by virtue of the provisions of its Workmen's Compensation Law. *Williamson v. Weyerhaeuser Timber Co.,* 221 F2d 5, is decisive of the issue here presented. In that case the workman was ordinarily employed in Oregon by a Portland concern in the sale and servicing of industrial machinery, but was required occasionally to work in Washington. He

was killed while working in Washington, through the negligence of a third party employer, Weyerhaeuser Timber Company. His widow brought an action for wrongful death against the timber company in the United States District Court for Oregon. The employer and the timber company were by the nature of their respective businesses subject to the Workmen's Compensation Law of the State of Washington, and the employer was covered by the Workmen's Compensation Law of the State of Oregon. As in the instant case the trial court dismissed the action on the ground that the law of Washington applied and under it no cause of action existed, the case being remanded for other grounds. It was argued that the workman was not subject to the Washington Workmen's Compensation Act; that the right to bring the action was governed by the law of Oregon, and further that to apply the Workmen's Compensation Law of the State of Washington so as to bar the action contravenes the public policy of Oregon. All of these contentions were passed upon and rejected. After holding that an action in Tort is governed by the law of the jurisdiction where the tort was committed, the court, at page 12 (221 F2d 5), said: "No interest which Oregon had in Williamson as its citizen would permit that state to arm him with a body of Oregon law which he could carry about as he went into the State of Washington." It was further stated that "Wholly apart from the power of Oregon to project a rule of civil liability of its own making into the State of Washington, it is plain that it has not undertaken to do so." In treating with the contention that the defense awarded to the employer under Washington law, i.e., protection under the Workmen's Compensation Law of that state was in contravention of the public policy of Oregon, the

court held that such objection was untenable, saying, at page 11, that "The Oregon Court has recognized that the occasions for refusing to enforce rights created by the laws of another jurisdiction becoming the state's public policy should be limited." *Bowles v. Barde Steel Co.*, 177 Or 421, 164 P2d 692, 162 ALR 32. The court further quoted from *McGirl v. Brewer*, 132 Or 432, 280 P 508, 285 P 208 at page 213, to the effect that "there must be something which offends by shocking moral standards, or is injurious or pernicious to the public welfare."

> "If a cause of action in tort or an action for wrongful death either against the employer or agent against a third person has been established by a workmen's compensation act of the place of wrong, no action can be maintained for such tort or wrongful death in any state." Restatement, Conflict of Laws (1948 Supplement, Page 151, Sec. 401).

■ Applying the principle of law as above set forth to the instant case, we are of the opinion that since plaintiff does not have a cause of action against his employer within the State of Washington there is no actionable wrong against said employer in the State of Oregon. Plaintiff argues that to so hold has left him without a remedy. We hazard the opinion that a review of the statutes of the State of Washington above referred to with reference to compensation will not so disclose. We deem it significant that plaintiff in his brief has failed to cite any authority to this court holding that his employment was not extra-hazardous under the Workmen's Compensation Law of the State of Washington.

Affirmed.