No. 189 March 5, 2025 465

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SE STEPHENS ST., LLC,
an Oregon limited liability company,
*Plaintiff-Respondent,*

*v.*

Jerry REEVES,
an individual,
*Defendant-Appellant,*

*and*

J.C. REEVES CORPORATION,
and Oregon corporation
and Benedict 42, LLC,
an Oregon limited liability company,
*Defendants.*

Douglas County Circuit Court
22CV42501; A182648

Robert B. Johnson, Judge.

Argued and submitted January 22, 2025.

Jerry C. Reeves argued the cause and filed the brief *pro
se*.

Katie Jo Johnson argued the cause for respondent. Also
on the brief was McEwen Gisvold LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce,
Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from an order denying his motion to set aside an order of default and default judgment. On appeal, defendant challenges the trial court's denial of that motion on two grounds. First, defendant contends that the trial court abused its discretion in denying his motion to set aside the default judgment and order based on grounds of mistake, inadvertence, surprise, and excusable neglect. *See* ORCP 71 B(1)(a) (providing relief from a judgment or order for mistake, inadvertence, surprise, or excusable neglect). We reject that argument without further discussion because, to the extent that defendant's argument on appeal is preserved, defendant did not present facts or evidence demonstrating any of the bases for relief under ORCP 71 B(1)(a). Second, defendant contends that the trial court erred in not setting aside the default judgment (and corresponding order) because the judgment is void; according to defendant, plaintiff failed to properly serve a summons on him, and, consequently, the court did not acquire personal jurisdiction over him. *See* ORCP 71 B(1)(d) (providing relief from a judgment that is void). We conclude that the judgment was not void for lack of jurisdiction and therefore affirm the order denying defendant's motion to set aside the default judgment.

Where, as here, defendant contends that a default judgment was void for lack of jurisdiction, "the issue is one of fact only and nothing attendant upon it is directed to the discretion of the court." *Peterson v. Hutton et al.*, 132 Or 252, 255, 284 P 279 (1930). "If the facts are in dispute, we accept the trial court's findings if there is evidence in the record to support those findings." *Knox v. GenX Clothing, Inc.*, 215 Or App 317, 319, 168 P3d 1251 (2007).

It is undisputed that shortly after plaintiff initiated this action to quiet title against defendant and two other named defendants—J.C. Reeves Corporation and Benedict 42, LLC—plaintiff filed copies of three separate summons and affidavits of service for each named defendant with the court. The affidavit of service stated that the process server delivered both a summons addressed to defendant and a complaint on defendant "by workplace substituted service by

leaving the documents at the usual workplace of [defendant] with Suzette who is the office manager for [defendant]." The affidavit further stated that the process server "also mailed [those] documents by first class mail to [defendant] * * * to [his] last known address."

Despite that evidence of service, defendant contended that the summons that the process server provided to his office manager was ineffective because it was addressed to one of the other defendants—Benedict 42, LLC—rather than to him. In response, plaintiff argued that defendant's motion to set aside the default judgment and order was "contrary to the established facts," inasmuch as the affidavits of service stating that the process server served defendant are "presumptively correct and can only be overcome by a clear and unequivocal showing." *Peterson*, 132 Or at 255. Plaintiff also submitted a declaration from the process server describing her recollection of serving all the defendants. The trial court concluded that "there isn't anything * * * on the record [that] sufficiently contradicts * * * the Declaration of the process server" and denied defendant's motion to set aside the judgment and order of default.

We have reviewed the record and agree with the trial court that defendant's proof is insufficient to overcome the strong presumption of effective service that arose when plaintiff filed the affidavit of service. *See Abraham v. Miller*, 52 Or 8, 10-11, 95 P 814 (1908) (a court may grant "relief against a judgment taken by default upon a false return of service where there was in fact no service," but only upon "clear, satisfactory, and convincing proof of a lack of service of process by the officer making the return of service, which return must always be *prima facie* evidence of the material facts recited therein"); *see also Burden v. Copco Refrigeration, Inc.*, 339 Or 388, 394, 121 P3d 1133 (2005) ("[A] certificate of service that a plaintiff has filed with the court is *prima facie* evidence of the material facts recited therein." (Internal quotation marks omitted.)). Thus, the trial court did not err in denying defendant's motion to set the default order and judgment aside.

Affirmed.