Argued and submitted May 29, affirmed on appeal and on cross-appeal July 29, 1987

COOK,
*Respondent - Cross-Appellant,*

*v.*

COOS-CURRY ELECTRIC
COOPERATIVE, INC.,
*Appellant - Cross-Respondent.*

(C85-7-109; CA A39811)

740 P2d 201

---

CJS, Master and Servant § 46.

Earl R. Woods, Jr., Coquille, argued the cause for appellant - cross-respondent. With him on the briefs was Engelgau & Woods, Coquille.

James C. Coffey, North Bend, argued the cause for respondent - cross-appellant. With him on the briefs was Hayner, Stebbins & Coffey, North Bend.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action brought under ORS 659.121(1) alleging that defendant violated ORS 659.415 when it refused to reinstate plaintiff to his former job as line foreman after his recovery from a compensable injury. The trial court found that plaintiff was capable of performing line foreman work as of November 1, 1984, and that defendant had violated ORS 659.415. It awarded plaintiff back wages, attorney fees and costs.

Defendant appeals, assigning as error the trial court's determination that plaintiff was capable of performing his duties as of November 1, 1984. Plaintiff cross-appeals the trial court's award of attorney fees, claiming that it was error to restrict the award to the amount agreed upon in the contingent fee agreement between plaintiff and his attorney. We affirm on appeal and on cross-appeal.

Plaintiff was employed by defendant as a lineman and was promoted to line foreman in November, 1981. From December, 1977 to June, 1984, he suffered repeated job related injuries to his lower back. He sought treatment for his lower back condition from Dr. Boye in June, 1984. In July, 1984, Boye referred him to Dr. Meyers, an orthopedic surgeon, who recommended a CAT scan of his back. The scan showed nothing abnormal. Meyers' diagnosis was that plaintiff had a recurrent chronic strain in the lumbosacral region. Boye subsequently released plaintiff to return to his regular duties. However, from July 27 until September, 1984, defendant employed plaintiff in other than line foreman duties, but continued to pay him line foreman pay. In September, 1984, defendant requested opinions of Meyers and Boye as to plaintiff's capability to perform the line foreman job. Meyers replied that there was a high probability of further injury if he returned to his regular work, and Boye responded that it would be beneficial to plaintiff if he were placed in a position that did not require extensive lifting and bending. Defendant notified plaintiff that, based upon the recommendation of Boye, plaintiff was reclassified and demoted to the position of meter reader as of October 1, 1984. Plaintiff accepted that under protest.

In order to resolve the grievance, the parties agreed that plaintiff would see an impartial orthopedic doctor for

evaluation and that his opinion would be binding. Plaintiff was examined by Dr. Whitney, who was of the opinion that plaintiff could return to his former position after completing "back school" and physical therapy. Plaintiff completed both by the end of October, 1984, and was released to work by Whitney. Defendant, however, disregarded Whitney's release and refused to reinstate plaintiff to a line foreman position, because it believed that Whitney was not impartial because plaintiff had previously seen him. Defendant continued to rely on Boye's opinion.

In February, 1985, as a result of an arbitration hearing, plaintiff was required to see another orthopedist, Dr. Hopkins, who said that plaintiff could return to his original occupation without difficulty. Defendant finally reinstated plaintiff to his job as a line foreman in May, 1985.

■        We review *de novo. Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 864, 618 P2d 15 (1980). The trial court concluded that defendant had no basis to believe that plaintiff was incapable of working as a line foreman after he had completed the back school and the physical therapy recommended by Dr. Whitney. We agree with the trial court's assessment of the evidence.

■        Defendant relied on the earlier opinions of Boye and Meyers, which were unfavorable to plaintiff, despite Whitney's later examination and release of plaintiff, primarily because Whitney had seen plaintiff before. There was no evidence that Whitney's previous examination affected his conclusion that plaintiff was capable of returning to work. We find that plaintiff established that he was able to return to his former job as of November 1, 1984.

■        We now turn to the attorney fees award. ORS 659.121(1) provides that the court may allow the prevailing party in an action arising from unlawful employment practices reasonable attorney fees. The trial judge set the attorney fees in an amount equal to one-third of the award. He considered the contingency fee arrangement between plaintiff and his attorney, as well as the complexity of the issues presented, and concluded that one-third was reasonable. We are satisfied that the trial judge did not limit the attorney fees on the basis of the contingency fee agreement, but determined independently that the amount assessed was reasonable.

Affirmed on appeal and on cross-appeal.