Argued and submitted March 21, affirmed in part, reversed in part, and remanded June 13, petition for review allowed November 21, 2007 (343 Or 467)

Elizabeth GAFUR
and Linda Wing,
on their own behalf
and on behalf of all similarly situated,
*Plaintiffs-Appellants,*

*v.*

LEGACY GOOD SAMARITAN HOSPITAL
AND MEDICAL CENTER;
Legacy Health System;
Legacy Meridian Park Hospital;
Legacy Emanuel Hospital & Health Center;
and Does 1 Through 10,
*Defendants-Respondents,*
*and*

LEGACY MOUNT HOOD HEALTH CENTER,
*Defendant.*

Multnomah County Circuit Court
040707139; A130070

161 P3d 319

Jacqueline L. Koch argued the cause for appellants. With her on the briefs were Koch & Deering, and J. Dana Pinney and Bailey, Pinney & Associates.

Timothy R. Volpert argued the cause for respondents. With him on the brief were Carol J. Bernick, Kevin H. Kono, and Davis Wright Tremaine LLP.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

SCHUMAN, J.

**SCHUMAN, J.**

Plaintiffs, who are individuals and putative class representatives employed by defendants, appeal from the trial court's judgment of dismissal for failure to state ultimate facts sufficient to constitute a claim. ORCP 21 A. The issue before us is whether plaintiffs can bring an action against defendants based on defendants' failure to provide statutorily required meal and rest breaks. Defendants argued, and the trial court agreed, that violation of the statutes on which plaintiffs based their complaint might expose defendants to administrative sanctions, but such violations do not confer on plaintiffs a private cause of action. We conclude that defendants' violation of the meal break rule, as that violation was alleged in this case, does not give plaintiffs a private right of action, but violation of the rest break rule does. We therefore affirm in part, reverse in part, and remand.

Plaintiffs filed a complaint containing 11 claims for relief, only six of which are at issue on appeal (the "meal and rest break claims"): claims for (1) regular wages and (2) penalty wages based on allegations that defendants failed to provide paid rest breaks as required by ORS 653.261, ORS 635.055, and OAR 839-020-0050, set out below; claims for (3) regular wages and (4) penalty wages based on allegations that defendants failed to provide unpaid meal breaks required by the same statutes and regulation; and claims for damages for breach of contract, based on the theory that the statutory and regulatory standards for (5) meal breaks and (6) rest breaks were "inherent" in the employment contract between plaintiffs and defendants. Defendants filed motions to dismiss for failure to state a claim. ORCP 21 A. The trial court granted defendants' motion without leave to replead,[1] concluding that the statutes and rule on which plaintiffs relied did not create a private right of action; rather, the statutes and rule created a standard, noncompliance with which could result only in a violation to be administratively enforced by the Bureau of Labor and Industry (BOLI) and

---

[1] Plaintiffs do not assign error to the trial court's decision not to allow them to replead.

resulting only in a fine. Regardless, plaintiffs filed an amended complaint, recharacterizing some of their claims and adding factual allegations. Based exclusively on the original complaint and not the amended complaint that had been filed without leave to replead, the trial court entered a general judgment dismissing with prejudice the meal and rest break claims and dismissing without prejudice the remaining claims. This appeal is from the portion of the trial court's judgment dismissing with prejudice plaintiffs' meal and rest break claims.

Two statutes and one rule are at the center of this dispute. ORS 653.055 confers on an employee a private right of action against an employer that does not pay the wages to which the employee is entitled under other specified provisions of law. The statute provides, in part:

> "(1) Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:
>
> "(a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and
>
> "(b) For civil penalties provided in ORS 652.150."

ORS 653.261, in turn, authorizes BOLI to regulate meal and rest breaks:

> "(1) The Commissioner of the Bureau of Labor and Industries may issue rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of the employees. Such rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay * * *."

Pursuant to that statute, the commissioner promulgated OAR 839-020-0050, which mandates meal and rest breaks:

> "(1) Every employer shall provide to each employee an appropriate meal period and an appropriate rest period.
>
> "(a) 'Appropriate meal period' means:

"(A) A period of not less than 30 minutes during which the employee is relieved of all duties for each work period of not less than six or more than eight hours.

"\* \* \* \* \*

"(b) 'Appropriate rest period' means: A period of rest of not less than ten minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employee's pay. The period of rest must be in addition to and taken separately from the time allowed for the usual meal period."

Plaintiffs argue that, under ORS 653.055(1), defendants are liable to them (that is, they have a private right of action against defendants) because ORS 653.261 as implemented by OAR 839-020-0050(1)(a) and (b) entitles them to wages for meal and rest breaks, and they did not receive those wages. Defendants agree that ORS 653.055(1) creates a private right of action for unreceived wages to which plaintiffs are entitled, but they contend that plaintiffs are *not* entitled to wages for meal and rest breaks. Because we are reviewing dismissal for failure to state a claim under ORCP 21 A, "we accept all well-pleaded allegations of the complaint as true." *Fearing v. Bucher*, 328 Or 367, 371, 977 P2d 1163 (1999). We therefore presume that plaintiffs did not receive, and were not paid for, meal or rest breaks. The dispositive question is whether they were entitled to wages for those breaks.

██ We begin with the question of meal breaks. In their brief, plaintiffs contend that the trial court erred by dismissing their claims that were based on the allegation that they were not paid for meal breaks during which they worked. However, those claims were not before the court; those claims were asserted in plaintiffs' *amended* complaint, which they filed without leave of the court and which the court therefore properly ignored. ORCP 23 A; *see also Schmitt et ux v. Culhane et al*, 223 Or 130, 134-35, 354 P2d 75 (1960) (amended pleading filed without leave of court has no efficacy); *Patterson v. Wasner*, 128 Or App 254, 258, 875 P2d 506 (1994) (court may disregard untimely filed amended complaint).

In plaintiffs' original complaint, the allegations regarding meal breaks (with slight variations) are as follows:

"42. ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. OAR 839-020-0050 requires that employees receive an uninterrupted meal period of not less than thirty (30) minutes for each shift worked of six hours or greater.

"43. Defendant failed to provide Plaintiffs and all other similarly situated class members an uninterrupted meal period * * * in violation of ORS 653.261 and OAR 839-020-0050 and failed to pay Plaintiffs and similarly situated class members for those meal periods not provided.

"44. As a result of Defendant's failure to provide uninterrupted meal periods as required, Plaintiffs and similarly affected class members are due wages for those meal periods which defendant failed to provide * * *."

Plaintiffs' complaint, liberally construed, ORCP 12 A, alleges that defendants did not provide them meal breaks and did not pay them for the time that they would have spent on those breaks—that, in other words, defendants worked (for example) eight straight hours but did not receive wages for eight and one-half hours. Under ORS 653.055, that allegation would state a claim only if plaintiffs were "entitled under ORS 653.010 to 653.261" to wages for meal breaks. Neither those statutes nor the rules promulgated to implement them state that an employee is entitled to wages for meal breaks; OAR 839-020-0050(1)(a) requires meal breaks but not *paid* meal breaks. Therefore, the court did not err in dismissing plaintiffs' claims based on entitlement to wages for unreceived meal breaks.

 Plaintiffs' claims based on unpaid rest breaks present a different picture. The relevant allegations are as follows:

"34. ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. Defendants were required [to] provide its employees with a *paid* rest period of not less than ten (10) minutes for each period of four hours in which the employee worked, or worked the major part of the four hour period. OAR 839-020-0050.

"35. Defendants failed to provide Plaintiffs and all other similarly situated employees * * * uninterrupted rest periods of not less than 10 minutes when and as required, in violation of ORS 653.261 and OAR 839-020-0050, and failed to pay Plaintiffs and similarly situated class members for those breaks not provided.

"36. As a result of Defendants' failure to provide uninterrupted rest periods as required, Plaintiffs and similarly affected class members are due wages for those rest periods which defendants failed to provide * * *."

(Emphasis added.) Plaintiffs alleged that defendant did not provide them rest breaks and did not pay them for the time that they would have spent on those breaks—that, in other words, they worked for four hours and received four hours of wages. But OAR 839-020-0050(1)(b) entitles them to receive *four hours of wages for three hours and 50 minutes of work*:

" 'Appropriate rest period' means: A period of rest of not less than ten minutes for every segment of four hours or major part thereof worked in one work period *without deduction from the employee's pay*."[2]

(Emphasis added.) Plaintiffs' allegation, then, is that, every four hours, plaintiffs provided ten minutes of services for which they were entitled to be compensated but were not. Compensation for work provided is "wages." ORS 653.010 (defining "wages" as "compensation due to an employee by reason of employment"). Thus, plaintiffs alleged that defendants paid them "less than the wages to which [they were] entitled" under ORS 653.261. ORS 653.055. That allegation states facts that would, if proved, establish defendants' liability to plaintiffs, that is, create a private right of action. *Id.* We therefore conclude that the trial court erred in dismissing the allegations in plaintiffs' complaint based on statutorily mandated rest breaks.

---

[2] Defendants argue that, to the extent that OAR 839-020-0050(1)(b) creates an entitlement to wages, it exceeds the authority conferred by the enabling statute, ORS 653.261(1); according to defendants, that statute authorizes BOLI to promulgate only "rules prescribing * * * conditions of employment." The text of the statute, set out above, 213 Or App at 346, refutes that argument by including directives regarding minimum wages and overtime wages, thereby demonstrating that the legislature considered wage entitlements to be "rules prescribing * * * conditions of employment."

■ We turn finally to plaintiffs' assignment of error regarding the dismissal of their claims based on alleged breach of contract. Plaintiffs argue to this court that "defendant contracted with plaintiffs through its written employment policies to provide 15 minute rest breaks and a duty free 30 minute unpaid meal break * * *." However, plaintiffs' original complaint—again, the only valid complaint in this case—contains no allegations regarding (or referring to) written employment policies. The original complaint relies on the proposition that "[i]nherent in every contract of employment are the terms and condition[s] of employment guaranteed by Oregon wage and hour laws." Plaintiffs' opening brief contains no argument in support of that proposition. Their reply brief contains, in total, the following argument: "Contracts in Oregon include as part of the contract the laws that exist at the time and place that the contract was made. *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 146 Or App 249, 260, 933 P2d 370 (1997)." The case plaintiffs cite does not deal with an employment contract. Further, it has undergone such a tortured subsequent history that its continued validity has long since disappeared.[3]

Thus, the third assignment of error in plaintiffs' opening brief presents arguments that are not relevant to any issue before the court, and their reply brief presents a bare allegation that might be relevant but is undeveloped. We therefore decline to address the assignment of error. *See Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) ("Ordinarily, the appellate courts of this state will decline to address an undeveloped argument.").

Affirmed in part, reversed in part, and remanded.

---

[3] *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 146 Or App 249, 260, 933 P2d 370 (1997), *modified on recons*, 147 Or App 586, 938 P2d 778 (1997), *rev'd and rem'd*, 328 Or 487, 982 P2d 1117 (1999), *aff'd on remand*, 164 Or App 763, 995 P2d 555 (2000), *aff'd in part and rev'd in part*, 333 Or 304, 39 P3d 846 (2002).