Argued and submitted March 3, decision of Court of Appeals reversed in part;
judgment of circuit court affirmed May 15, 2008

Elizabeth GAFUR
and Linda Wing,
on their own behalf and on behalf of all similarly situated,
*Respondents on Review,*

*v.*

LEGACY GOOD SAMARITAN HOSPITAL
AND MEDICAL CENTER;
Legacy Health System;
Legacy Meridian Park Hospital;
Legacy Emanuel Hospital & Health Center
and Does 1 through 10,
*Petitioners on Review,*

*and*

LEGACY MOUNT HOOD HEALTH CENTER,
*Defendant.*

(CC 0407-07139; CA A130070; SC S055175)

185 P3d 446

Timothy R. Volpert, of Davis Wright Tremaine LLP, Portland, argued the cause and filed the brief for petitioners on review. With him on the brief were Carol J. Bernick and Kevin H. Kono, Portland.

Jacqueline L. Koch, of Bailey, Pinney & Associates LLC, Vancouver, Washington, argued the cause and filed the brief for respondents on review. With her on the brief was J. Dana Pinney, Vancouver, Washington.

Brian R. Talcott, of Dunn Carney Allen Higgins & Tongue LLP, Portland, filed a brief for *amicus curiae* Oregon Restaurant Association.

David H. Wilson, Francis T. Barnwell, and Kathryn M. Hindman, of Bullard Smith Jernstedt Wilson, Portland, filed a brief for *amici curiae* Oregon Association of Hospitals and Health Systems, Portland Business Alliance, Oregon Business Association, Oregon Association Chiefs of Police, Oregon State Sheriffs Association, Special Districts Association of Oregon, Association of Oregon Counties, and League of Oregon Cities.

David F. Rees and Joshua L. Ross, of Stoll Stoll Berne Lokting & Shlachter P.C., Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Stacie F. Beckerman, Assistant Attorney General, Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, Salem, filed a brief for *amicus curiae* Bureau of Labor and Industries.

GILLETTE, J.

**GILLETTE, J.**

This is a class action wage and hour case in which plaintiffs, employees of hospitals owned by Legacy Health Systems, seek, among other things, compensation for required meal and rest breaks that they contend defendants did not provide them during work periods. Defendants[1] filed an ORCP 21 motion to dismiss various of plaintiffs' claims for relief on the ground that, although employees have a private right of action for unpaid wages, the applicable statute does not make that private right of action available for meal or rest period violations of the kind asserted by plaintiffs. The trial court agreed that the statute does not provide a private right of action for either type of violation; it granted defendants' motion to dismiss and denied plaintiffs leave to replead.[2] Plaintiffs appealed to the Court of Appeals, which affirmed the trial court's ruling as to the alleged meal period violations, but reversed the trial court's ruling as to the alleged rest period violations. *Gafur v. Legacy Good Samaritan Hospital*, 213 Or App 343, 347-49, 161 P3d 319 (2007). Defendants sought review of that decision to the extent that it reinstates petitioners' claims for compensation for rest period violations.[3] We allowed review and now reverse that part of the decision of the Court of Appeals.

Because this case comes to us on a motion to dismiss for failure to state a claim under ORCP 21 A(8),[4] we accept as

---

[1] Plaintiffs originally brought their action against several hospitals owned by Legacy Health Systems as well as Legacy Health Systems itself. The trial court dismissed all defendants except Legacy Meridian Park Hospital and Legacy Health Systems. Plaintiffs have not challenged that ruling.

[2] Notwithstanding that the trial court did not give plaintiffs leave to replead, plaintiffs thereafter filed an amended complaint, asserting, among other things, breach of contract claims for missed meal and rest periods. The trial court dismissed those claims because plaintiffs did not have leave to replead them. The correctness of that ruling is not before us.

[3] Plaintiffs have not challenged the part of the Court of Appeals decision affirming the trial court's ruling respecting the alleged meal period violations, and that matter also is not before this court.

[4] ORCP 21 A provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the

true all well-pleaded allegations of fact in the complaint and give plaintiffs the benefit of all favorable inferences that may be drawn from the facts alleged. *Babick v. Oregon Arena Corp.*, 333 Or 401, 407, 40 P3d 1059 (2002). However, we disregard any allegations that state conclusions of law. *See Nadeau v. Power Plant Engr. Co.*, 216 Or 12, 15, 337 P2d 313 (1959) (court disregards conclusions of law because they are nullities that do not present any issue). Respecting the rest period, plaintiffs alleged as follows:

> "34.   ORS 653.261 provides for minimum employment conditions to be established by the Commissioner of the Oregon Bureau of Labor and Industries. Defendants were required [to] provide [their] employees with a paid rest period of not less than ten * * * minutes for each period of four hours in which the employee worked, or worked the major part of the four hour period. OAR 839-020-0050.

> "35.   Defendants failed to provide Plaintiffs and all other similarly situated employees (Rest Period Class) members uninterrupted rest periods of not less than 10 minutes when and as required, in violation of ORS 653.261 and OAR 839-020-0050, and failed to pay Plaintiffs and similarly situated class members for those breaks not provided.

> "36.   As a result of Defendants' failure to provide uninterrupted rest periods as required, Plaintiffs and similarly affected class members are due wages for those rest periods which defendants failed to provide within the six year statute of limitations period."

The only factual allegations in the quoted portion of the complaint are (1) that defendants failed to provide plaintiffs with 10-minute rest breaks for every four hours that they worked, and (2) that defendants "failed to pay [p]laintiffs * * * for those breaks not provided." All of the remaining allegations are legal conclusions. In addition to the pleadings, the parties agree that plaintiffs were paid at the appropriate rate for four hours of work for each four-hour work period in which defendants did not provide them a rest break.

---

option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim."

As noted, defendants moved to dismiss the rest period claims in the original complaint and the trial court granted the motion. Plaintiffs appealed that ruling to the Court of Appeals, arguing that (1) the applicable rule, OAR 839-020-0050(1)(b),[5] entitles them to four hours pay for every three hours and 50 minutes worked and (2) because defendants failed to provide them the required 10-minute rest period, plaintiffs actually worked 10 minutes in each four hour period for which they were not compensated. Plaintiffs argued, further, that, because compensation for work provided is "wages," as that word is defined in ORS 653.010(10), defendants necessarily paid plaintiffs less wages than they were owed. The Court of Appeals agreed, and reversed the contrary ruling of the trial court.

■■ We turn first to an examination of the relevant statutes. As noted, this is a wage claim under ORS 653.055. That statute authorizes an employee who is not paid all the wages to which he is entitled to bring an action to recover those unpaid wages, plus penalties:

"(1)   An employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:

"(a)   For the full amount of the wages, less the amount actually paid to the employee by the employer; and

"(b)   For civil penalties provided in ORS 652.150."

"Wages" are defined elsewhere in the statutes as "compensation due to an employee by reason of employment." ORS 653.010(10). The word "employment" is not defined in the statutes, but the word "employ" means "to suffer or permit to work" (excluding voluntary or donated services). ORS 653.010(2). Under ORS 653.055, then, the extent to which an employee is "entitled" to wages depends on whether and for how long he or she was suffered or permitted to "work."

The inclusion of the reference to ORS 653.261 in section (1) of ORS 653.055 in connection with the phrase "the

---

[5]   The text of OAR 839-020-0050(1)(b) is set out below, 344 Or at 533-34.

wages to which an employee is entitled" suggests that the legislature intended ORS 653.261 to confer on employees some kind of an entitlement to wages. ORS 653.261 provides:

"(1) The Commissioner of the Bureau of Labor and Industries may adopt rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of the employees when computed without benefit of commissions, overrides, spiffs and similar benefits.

"(2) Nothing contained in ORS 653.010 to 653.261 shall be construed to confer authority upon the commissioner to regulate the hours of employment of employees engaged in production, harvesting, packing, curing, canning, freezing or drying any variety of agricultural crops, livestock, poultry or fish.

"(3) Rules adopted by the commissioner pursuant to subsection (1) of this section do not apply to individuals employed by this state or a political subdivision or quasi-municipal corporation thereof if other provisions of law or collective bargaining agreements prescribe rules pertaining to conditions of employment referred to in subsection (1) of this section, including meal periods, rest periods, maximum hours of work and overtime.

"(4) Rules adopted by the commissioner pursuant to subsection (1) of this section regarding meal periods and rest periods do not apply to nurses who provide acute care in hospital settings if provisions of collective bargaining agreements entered into by the nurses prescribe rules concerning meal periods and rest periods."

The statute does not, by its terms, directly entitle employees to anything, much less wages. Rather, it authorizes the commissioner of the Bureau of Labor and Industries (BOLI) to promulgate rules "prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of

employees," including, but not limited to, "minimum meal periods and rest periods, and maximum hours of work."

At the same time, section (1) of the statute contains two direct references to wages. The first reference is a prohibition: BOLI is forbidden to promulgate rules concerning minimum wages.[6] The second reference concerns overtime pay: "[A]fter 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of the employees when computed without benefit of commissions, overrides, spiffs and similar benefits."

Defendants argue, at the outset, that the only wage claim that ORS 653.261 arguably authorizes is for overtime pay violations, because that is the only "wage" issue mentioned in the statute. ORS 653.261, they argue, does not and cannot authorize BOLI to promulgate rules that create wage claims for violations of minimum conditions of employment. That is so, in defendant's view, because the phrase "conditions of employment" necessarily deals with what employers may allow or require employees to do while they are working, and that is not a wage issue. One of the *amici* points out, relatedly, that the rest break reference in ORS 653.261 does not even require that rest breaks be paid, much less create an entitlement to additional wages for missed rest breaks. It follows, defendants assert, that, to the extent that OAR 839-020-0050 purports to create an entitlement to wages for rest break violations, it exceeds BOLI's statutory authority.

We need not decide whether defendants' point is correct. Assuming (without deciding) that BOLI has authority to create a wage entitlement for such violations, we conclude that BOLI did not do so in OAR 839-020-0050 with respect to required rest breaks.

■ To explain our point, we turn to an examination of OAR 839-020-0050, using the same interpretive framework with respect to administrative rules that we use with respect to statutes. *See Tye v. McFetridge*, 342 Or 61, 69, 149 P3d 1111 (2006) (in interpreting administrative rule, court's task

---

[6] The legislature provides for minimum wages in ORS 653.025.

is same as involved in determining meaning of statute: to discern meaning of words used, giving effect to intent of body that promulgated rule). We begin by considering the text of the rule itself, together with its context, which includes other provisions of the same rule, other related rules, the statute pursuant to which the rule was created, and other related statutes. *Id.* If the meaning of the rule is clear at that level, then further inquiry is unnecessary. *Id.*

■ OAR 839-020-0050(1)(b) provides, with respect to rest breaks:

"(1) Except as otherwise provided, every employer shall provide to each employee an appropriate meal period and an appropriate rest period.

"\* \* \* \* \*

"(b) 'Appropriate rest period' means: A period of rest of not less than ten minutes for every segment of four hours or major part thereof worked in one work period without deduction from the employee's pay. The period of rest must be in addition to and taken separately from the time allowed for the usual meal period. Insofar as feasible, considering the nature and circumstances of the work, such period of rest is to be taken by an employee approximately in the middle of each four hour (or major part thereof) segment. The rest period is not to be added to the usual meal period or deducted from the beginning or end of the work period to reduce the overall length of the total work period."

"(A) The provisions of section (1) of this rule regarding appropriate rest periods do not apply when all of the following conditions are met:

"(a) The employee is 18 years of age or older; and

"(b) The employee works less than five hours in any period of 16 continuous hours; and

"(c) The employee is working alone; and

"(d) The employee is employed in a retail or service establishment, *i.e.*, a place where goods and services are sold to the general public, not for resale; and

"(e) The employee is allowed to leave the employee's assigned station when the employee must use the restroom facilities.

"\* \* \* \* \*

"(4)  As used in this rule, 'work period' means the period between the time the employee begins work and the time the employee ends work, and includes rest periods, and any period of one hour or less (not designated as a meal period) during which the employee is relieved of all duties."

The Court of Appeals accepted plaintiffs' assertion that, because OAR 839-020-0050(1)(b) entitles employees to rest breaks "without deduction from the employee's pay," it necessarily follows that that provision entitles them to four hours' pay for three hours and 50 minutes of work. *Gafur*, 213 Or App at 349. That conclusion is unwarranted and, indeed, as we explain below, we think that the prohibition on deductions from pay cuts the other way. Certainly, nothing in that rule requires *additional* wages for missed rest breaks.

■  Underlying plaintiffs' assertion, and the Court of Appeals' conclusion, is the unspoken assumption that rest breaks are not "work." While that assumption might be valid in colloquial parlance, the text of the rule, its context, and related statutes demonstrate that "work" is a term of art for purposes of wage and hour laws, and it includes rest breaks. First, OAR 839-020-0050 itself defines a "work period" to include rest breaks:

"(4) As used in this rule, 'work period' means the period between the time the employee begins work and the time the employee ends work, *and includes rest periods*, and any period of one hour or less (not designated as a meal period) during which the employee is relieved of all duties."

(Emphasis added.) The fact that an employer may not deduct wages from the employee's pay for the rest break also supports the idea that employees are working during rest periods, even if they are not performing duties at that time.

■  If further confirmation were needed, the context of OAR 839-020-0050(1)(b) supplies it. Related regulations establish that employees are not required to be "working" (in the colloquial sense) the entire time that they are considered to be "working" for purposes of wage and hour laws. For example, OAR 839-020-0041, dealing with "waiting time," provides that employees who are required to "wait" as part of

their jobs are considered to be working, so long as "the time spent waiting belongs to and is controlled by the employer and the employee is unable to use the time effectively for the employee's own purposes." OAR 839-020-0041(1). Similarly, an employee who is required to remain on-call on the employer's premises or so close thereto that the employee cannot use the time effectively for the employee's own purposes is "working" while on-call. OAR 839-020-0041(3). And, under OAR 839-020-0042(1), employees who are required to be on duty for less than 24 hours are considered to be working even though they are permitted to sleep or engage in other activities when not busy. By the same token, the fact that a 10-minute rest break is too short to enable an employee to use the time effectively for his or her own purposes suggests that the employee is "working" for purposes of the wage and hour laws.[7]

As discussed above, ORS 652.261 authorizes BOLI to issue rules prescribing "minimum conditions of employment * * * as may be necessary for the preservation of the health of employees." The part of OAR 839-020-0050 that deals with rest breaks is such a rule. It specifies that rest breaks should be taken by employees "approximately in the middle of each four hour" shift; they may not be added to meal periods or deducted from the beginning or end of work periods to reduce the overall length of the shift; and employees may not be docked pay for taking them. All of those features indicate that the rest break is intended to benefit the employees' physical and mental well-being. Other rules prescribing minimum conditions of employment prohibit employees from being required to lift excessive weights, OAR 839-020-0060, and require employers to provide a sanitary

---

[7] Under OAR 839-020-0004(20), all time that an employee necessarily must be on the employer's premises is considered "work":

" 'Hours worked' means all hours for which an employee is employed by and required to give to the employer and includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place * * *."

In fact, BOLI's own website states that employers may require employees to remain on the premises during rest breaks. *Breaks: Meal And Rest Period, Technical Assistance: FAQs,* www.boli.state.or.us/BOLI/TA/T_FAQ_Restandmeal.shtml (accessed May 15, 2008). Clearly, BOLI considers rest breaks to belong to and be controlled by the employer.

and safe work environment, with adequate lighting, ventilation, washrooms and toilet facilities, among other things. OAR 839-020-0065. Nothing in any of those "condition of employment" rules suggests any intention on BOLI's part to require employers to pay additional wages in the event of their violation.[8]

■ ■ Having considered the text of ORS 653.055, ORS 653.261, and OAR 839-020-0050 in context, we conclude that an employee who takes a rest break does not stop working for wage and hour purposes. It follows that an employee who works four hours and takes a 10 minute rest break within that four-hour period "works" the same amount of time (for wages and hour purposes) as an employee who works four hours and does not take a rest break. In each circumstance, the employee is entitled to four hours pay and no more. *See* ORS 653.055(1) (providing wage claim for wages to which employee is "entitled"). Therefore, in this case, employees who were not provided rest breaks during a four-hour shift but were paid for four hours of work for that shift have not been paid "less than the wages to which the employee is entitled" under ORS 653.261 or OAR 839-020-0050(1)(b), and may not pursue a wage claim under ORS 653.055.

■ BOLI has filed an *amicus* brief in this court in which it argues that it intended, in promulgating OAR 839-020-0050(1)(b), to allow employees to collect wages for missed rest periods and that, properly interpreted, that is what the rule provides. Specifically, BOLI argues that the phrase "without deduction from the employee's pay" in the definition of a rest period in OAR 839-020-0050(1)(b) means that employees are entitled to four hours pay for three hours and 50 minutes of work and that, consequently, an employee who has not been provided with a rest break can initiate a wage claim for the 10 minutes of services provided but not compensated. BOLI asserts, further, that that "interpretation" of the rule is plausible and, therefore, is entitled to deference by this court. *See*

---

[8] By contrast, OAR 839-020-0030 specifically provides that overtime wages must be paid. That rule provides that, subject to enumerated exceptions,

"all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1) * * *."

*Don't Waste Oregon Com. v. Energy Facility Siting,* 320 Or 132, 142, 881 P2d 119 (1994) (appellate court defers to agency's plausible interpretation of its own rule).

As BOLI goes on to recognize, however, this court defers to an agency's interpretation of its own rule only as long as that interpretation "cannot be shown either to be inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law." *Id.* As is evident from the above discussion, we have concluded that BOLI's interpretation *is* inconsistent with the wording of the rule and its context.

In addition, we observe that nothing in BOLI's brief suggests that it has, in the past, "interpreted" OAR 839-020-0050(1)(b) in the way that it now espouses. It does not offer a past case or policy statement or any other evidence that it ever intended OAR 839-020-0050(1)(b) to have the meaning that it now advocates. In fact, BOLI acknowledges that it has never sought wages for employees who have missed rest periods; rather, it has always enforced the rule by seeking civil penalties against employers that have violated its provisions.

In essence, BOLI's argument in the present case amounts to no more than an assertion that the Court of Appeals opinion was correct. We do not view that as an interpretation to which we owe deference.

All of that is not to say that employees do not have any recourse for violations of the rest break requirements. ORS 653.256(1) authorizes BOLI to "assess a civil penalty not to exceed $1000 against any person who willfully violates ORS * * * 653.261 or any rule adopted thereunder."[9] In addition, BOLI has the authority to seek criminal prosecution of employers who violate the rest break requirements. *See* ORS 653.991 ("Violation of any provision of this section or ORS 653.010 to 653.545 or of any rule adopted by the Wage and Hour Commission under ORS 653.307 shall be punishable as a misdemeanor.").

---

[9] BOLI has promulgated rules expressly authorizing the assessment of civil penalties for meal and rest period violations. *See* OAR 839-020-1010(1)(j) and (l) (providing for such assessment). Further, OAR 839-020-1000 provides, "Each violation is a separate and distinct offense. In case of continuing violations, each day's continuance is a separate and distinct violation."

■   Based on the foregoing, we think that it is clear from the text and context of controlling statutes and rules, and we therefore hold, that OAR 839-020-0050(1)(b) requires employers to provide minimum rest breaks but violation of that requirement does not give rise to a wage claim under ORS 653.055 for additional wages based on missed rest breaks. Accordingly, plaintiffs' allegations that defendants failed to provide them with rest breaks and failed to pay them "for those breaks not provided" would not, if true, establish that plaintiffs were paid "less than the wages to which [they were] entitled under * * * ORS 653.261." The trial court correctly dismissed plaintiffs' rest break claim for failure to state ultimate facts sufficient to state a claim. The contrary conclusion of the Court of Appeals was error.

The decision of the Court of Appeals is reversed in part. The judgment of the circuit court is affirmed.