Argued and submitted January 21, affirmed on appeal and cross-appeal
July 15, 2009

Kimberly ROGERS,
fka Kimberly Brooks,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

RGIS, LLP,
dba RGIS Inventory Specialist,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
050606727; A134466

213 P3d 583

A. E. Bud Bailey argued the cause for appellant - cross-respondent. On the briefs were J. Dana Pinney, Jacqueline L. Koch, and Bailey, Pinney & Associates.

David Wilson argued the cause for respondent - cross-appellant. With him on the briefs was Bullard Smith Jernstedt Wilson.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff in this wage and hour case appeals following the trial court's entry of general and supplemental judgments. On appeal, plaintiff asserts that the court incorrectly concluded that she was an unsuitable class representative and that it improperly denied class certification. She further contends that the trial court erred when it awarded her attorney fees of $880 and when it awarded defendant attorney fees of $180,854.09.[1] Defendant cross-appeals, arguing that the trial court erred by excluding from its attorney fee award time that defendant spent defending plaintiff's meal and rest break claims. We reject plaintiff's assignments of error related to class certification without further discussion, and write only to address the issues relating to attorney fees. We affirm the trial court's judgments.

The relevant facts are procedural and few. Plaintiff, who is defendant's former employee, filed this case as a purported class action seeking damages for various alleged violations of state wage and hour laws. Specifically, she brought claims relating to unpaid overtime wages, unpaid wages for rest and meal breaks, unpaid minimum wages, and late payment of final wages.[2] Eventually, she sought to have her case certified as a class action. The trial court denied her petition for class certification but permitted the case to proceed as to plaintiff's individual claims. Ultimately, plaintiff prevailed on her claims for unpaid wages pursuant to ORS 652.120 and late payment of wages and penalties under ORS 652.140 and ORS 652.150, obtaining a general judgment for damages of $2,630. All of plaintiff's remaining claims were disposed of in defendant's favor.

After the general judgment was entered, both parties filed petitions for attorney fees. Plaintiff sought attorney fees under ORS 652.200(2)[3] and defendant sought attorney

---

[1] Plaintiff has withdrawn other assignments of error raised in her opening brief.

[2] Plaintiff's claims relating to unpaid overtime wages, unpaid wages for rest and meal breaks, and unpaid minimum wages were brought pursuant to ORS chapter 653; her claims relating to the late payment of her final wages were brought under ORS chapter 652.

[3] ORS 652.200(2) provides:

fees pursuant to ORS 653.055(4)[4] as the prevailing party on plaintiff's ORS chapter 653 claims.

The court, having determined that plaintiff prevailed on wage claims under ORS chapter 652, awarded plaintiff reasonable attorney fees pursuant to ORS 652.200(2). In determining the amount of attorney fees to award, the court found:

> "5. Plaintiff's statement of fees provides no basis for distinguishing between time spent on claims on which Plaintiff was successful and time spent on claims on which Plaintiff was not successful. There is no way for the court to allocate accurately.
>
> "6. Plaintiff requested substantial compensation for time spent on claims and issues for which she was not successful.
>
> "7. Plaintiff did not properly comply with ORCP 68."

In light of those circumstances, and because plaintiff's attorney fees retainer agreement was contingent, the court concluded that an award of $880 (an amount equal to approximately one third of plaintiff's damages) was a reasonable award of attorney fees.

■　　　With respect to defendant's petition for attorney fees, the court found that defendant had "prevailed on all ORS chapter 653 claims raised by Plaintiff" and defendant could seek an award of discretionary attorney fees pursuant to ORS 653.055(4). The court considered the relevant factors listed in ORS 20.075 and concluded that it would exercise its discretion to award defendant attorney fees. However, the trial court declined to award defendant attorney fees for time spent defending plaintiff's meal and rest break claims, due to

---

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

[4] ORS 653.055(4) provides that "[t]he court may award reasonable attorney fees to the prevailing party in any action brought by an employee under this section."

the uncertain state of the law at that time. The court awarded defendant $180,854.09 in attorney fees.

We first address plaintiff's assertion that the trial court improperly awarded defendant attorney fees pursuant to ORS 653.055(4) because defendant was the prevailing party.[5] Specifically, plaintiff contends that, although defendant prevailed on all the claims brought under ORS chapter 653, defendant was not entitled to attorney fees, because plaintiff recovered damages on some of her ORS chapter 652 claims and, therefore, defendant did not prevail in the whole action. Plaintiff argues that

> "ORS 653.055(4) states that the court 'may award reasonable attorney fees to the prevailing party in any **action** brought by an employee under this section.' The court has discretion to award fees to either side, but that side must prevail in the 'action.' Here, defendant prevailed on the ORS Chapter 653 claims but not in the action. The court entered a judgment in plaintiff's favor."

(Boldface in original.) Defendant responds that, pursuant to ORS 20.077, "attorney fees are to be awarded on a claim-by-claim basis." We agree with defendant.

As noted, ORS 653.055(4) provides that "[t]he court may award reasonable attorney fees to the prevailing party in any action brought by an employee under this section."[6]

---

[5] We note that plaintiff combined her arguments regarding the attorney fee award to defendant and the limitation of her attorney fee award in a single assignment of error. ORAP 5.45 requires that each issue be raised as a separate assignment of error and, although here we will consider both issues, we discourage that practice.

[6] The remainder of the statute provides:

"(1) Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:

"(a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and

"(b) For civil penalties provided in ORS 652.150.

"(2) Any agreement between an employee and an employer to work at less than the wage rate required by ORS 653.010 to 653.261 is no defense to an action under subsection (1) of this section.

"(3) The Commissioner of the Bureau of Labor and Industries has the same powers and duties in connection with a wage claim based on ORS 653.101 to 652.261 as the commissioner has under ORS 652.310 to 652.445 and in addition the commissioner may, without the necessity of assignments of wage

Thus, pursuant to statute, where an employee brings an action as permitted by ORS 653.055, the prevailing party may obtain an attorney fee award. ORS 20.077(1) and (2), in turn, provide:

"(1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

"(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;

"(b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

"(c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

"(d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."

Thus, by its unambiguous terms, in actions involving multiple claims, ORS 20.077 requires that the court "determine the prevailing party on each claim and award attorney fees accordingly." *Robert Camel Contracting, Inc. v. Krautscheid*, 205 Or App 498, 503, 134 P3d 1065 (2006); *see also Beggs v. Hart*, 221 Or App 528, 537, 191 P3d 747 (2008) ("trial court must consider on a claim-by-claim basis under ORS 20.077

claims from employees, initiate suits against employers to enjoin future failures to pay required minimum wages or overtime pay and to require the payment of minimum wages and overtime pay due employees but not paid as of the time of the filing of suit. The commissioner may join in a single proceeding and in one cause of suit any number of wage claims against the same employer. If the commissioner does not prevail in such action, the commissioner shall pay all costs and disbursements from the Bureau of Labor and Industries Account."

who received a 'favorable judgment' and is, therefore, the 'prevailing party' for each claim").

In this action, plaintiff brought multiple statutory claims against defendant, and those statutory claims provided for attorney fees to the prevailing party. Although plaintiff included more than one count in her complaint under such statutory provisions, that is the type of factual situation ORS 20.077 specifically addresses. Under those circumstances, the trial court was required to determine the prevailing party on each separate claim, determine the amount, if any, of mandatory fees, and determine both whether it was appropriate to award discretionary fees and the amount of any such fees. Given that statutory framework, we conclude that the trial court did not abuse its discretion in determining that defendant would receive fees under ORS 653.055 as the prevailing party on all parts of the case brought pursuant to that provision.

■ We next turn to plaintiff's contention that the trial court abused its discretion in awarding her only $880 in attorney fees. On appeal, plaintiff does not challenge any of the trial court's factual findings relating to that award of attorney fees. Rather, she argues that the court should not have based its attorney fee award on the contingent attorney fee agreement. Plaintiff argues that the trial court instead had to determine what fees were owed pursuant to ORS 652.200. Defendant responds that the trial court did not limit its award of attorney fees to plaintiff as a result of the contingent fee agreement. Instead, defendant argues, the court found that plaintiff's statement of fees was not sufficiently detailed to allow the trial court to determine what time related to claims on which plaintiff prevailed as opposed to claims on which plaintiff did not prevail. In reply, plaintiff asserts that "[i]t is obvious that $800 is not reasonable. Plaintiff prepared for trial and prevailed based on defendant's last-minute acquiescence. By awarding fees that do not reflect a reasonable amount incurred in pursuing plaintiff's case, the trial court abused its discretion."

■■ Pursuant to ORS 652.200(2), the court must award reasonable attorney fees to an employee who obtains a favorable judgment on a claim for late payment of wages. However, in order to obtain an award of attorney fees, a party

seeking them must "[f]ile with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service" on the adverse party. ORCP 68 C(4)(a)(1); *see also* ORCP 68 C(1) ("Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, [ORCP 68] governs the pleading, proof and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees * * *."). The trial court may decline to award attorney fees when the party seeking them does not comply with ORCP 68 C(4). *Lee v. Koehler*, 200 Or App 85, 93, 112 P3d 477 (2005). In addition:

> "Statutes that authorize an award of attorney fees to a party who succeeds or prevails in a proceeding authorize an award for the fees reasonably incurred to achieve the success that the party actually achieved. If the party asserts several claims that are subject to an award of fees but prevails on only one of them, fees can be awarded only for the time reasonably necessary to prevail on the sole claim on which the party prevailed."

*Freedland v. Trebes*, 162 Or App 374, 378, 986 P2d 630 (1999).[7] Finally, as discussed above, under ORS 20.077, where a case involves multiple claims for which attorney fees are authorized, the court must determine the prevailing party on a claim-by-claim basis and award fees appropriately. Thus, where a case involves multiple claims and more than one party prevails, a party seeking fees must submit a sufficiently detailed statement to permit the trial court to apportion the fees on a claim-by-claim basis, as the court deems necessary.

Here, the trial court found as fact, and plaintiff does not dispute, that plaintiff's "statement of fees provide[d] no basis for distinguishing between time spent on claims on

---

[7] Time devoted to claims on which plaintiff did not succeed may also be recoverable where the trial court determines there are common issues among the claims such that "it would have taken roughly the same amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims[.]" *Freedland*, 162 Or App at 379. We do not understand plaintiff to argue on appeal that the trial court improperly determined that it was necessary to apportion out the time spent on her successful claims from that spent on unsuccessful claims.

which [p]laintiff was successful and time spent of claims on which [p]laintiff was not successful." As a result, "[t]here [was] no way for the court to allocate accurately." The court concluded that plaintiff's attorney fee request sought "substantial compensation[, total attorney fees of $771,127 for all claims,] for time spent on claims and issues for which she was not successful" and that plaintiff's petition for attorney fees did not comply with the requirements of ORCP 68. Those conclusions of the trial court are undisputed on appeal. The trial court did not refuse to allow plaintiff to recover any attorney fees at all. Instead, it concluded that it would be reasonable to award plaintiff fees consistent with plaintiff's contingent fee agreement with her attorney. Given all of the facts of this case, we cannot say that the trial court abused its discretion in making that award. *See Cook v. Coos-Curry Electric Cooperative, Inc.*, 86 Or App 600, 603, 740 P2d 201 (1987) (trial court properly awarded plaintiff fees consistent with contingent fee agreement where the trial court did not limit the fees on the basis of the agreement, but independently determined that the amount was reasonable under the circumstances). Accordingly, we conclude that the trial court did not err in its award of attorney fees to plaintiff.

We next turn to defendant's cross-appeal. On cross-appeal, defendant contends that the trial court abused its discretion in excluding time spent defending plaintiff's meal and rest break claims from the award of attorney fees to defendant. The trial court refused to award defendant attorney fees for that time because, although defendant prevailed on them, the court concluded that the law on those claims was unsettled. It stated that, although it would award defendant fees, the amount defendant sought should be "reduced by the amount of fees expended on the meal/rest break issue ($67,697.41) because it is this court's opinion that until the [C]ourt of [A]ppeals rules, there is a private right of action for unpaid rest and meal periods." Defendant contends that the trial court should have awarded fees because defendant was the prevailing party and because this court later decided "that there is a private right of action for missed rest breaks but not for missed meal breaks."

After the trial court determined that it would not award attorney fees to defendant for time expended defending plaintiff's rest and meal break claims, this court decided

*Gafur v. Legacy Good Samaritan Hospital*, 213 Or App 343, 161 P3d 319 (2007). In that case, we concluded that employees had no private right of action for an employer's failure to provide meal breaks, but that there was a private right of action to recover wages based on an employer's failure to provide rest breaks. *Id.* at 348-50. The Oregon Supreme Court later concluded otherwise, holding that an employer's failure to provide rest breaks "does not give rise to a wage claim under ORS 653.055 for additional wages based on missed rest breaks." *Gafur v. Legacy Good Samaritan Hospital*, 344 Or 525, 538, 185 P3d 446 (2008). Thus, although unsettled at the time the trial court made its decision regarding attorney fees, taken together, the decisions of this court and the Supreme Court in *Gafur* establish that there is no private right of action by an employee for either unpaid rest breaks or unpaid meal breaks.

As discussed above, in this case, the trial court had discretion whether to award attorney fees at all to defendant under ORS 653.055(4). Such an award was not mandatory. Thus, it does not necessarily follow from the fact that defendant prevailed on the rest and meal break issues that the trial court should have awarded defendant attorney fees for work[8] relating to them. Also, pursuant to ORS 20.075,[8] in

---

[8] ORS 20.075 provides:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case.

deciding whether to award fees, the trial court properly considered the fact that it believed plaintiff's rest and meal break claims to be reasonable, especially in light of the fact that the law was unsettled at the time. Under the circumstances presented here, we cannot conclude that the trial court abused its discretion in reducing defendant's attorney fee award to exclude time spent on plaintiff's meal and rest break claims.

Affirmed on appeal and cross-appeal.

---

"* * * * *

"(3) In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court making or denying the award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."

Neither party contends on appeal that the trial court failed to consider the factors required by ORS 20.075(1) when making the fee award.