On appellant's petition for reconsideration filed July 27, reconsideration allowed; former opinion (229 Or App 580, 213 P3d 583) modified and adhered to as modified December 9, 2009

## Kimberly ROGERS,
fka Kimberly Brooks,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

## RGIS, LLP,
dba RGIS Inventory Specialist,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
050606727; A134466

222 P3d 710

J. Dana Pinney and Bailey, Pinney & Associates, LLC, for petition.

Catherine A. Highet and McKanna Bishop Joffe & Arms, LLP, filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

David Wilson and Bullard Smith Jernstedt Wilson for response to *amicus curiae*.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

Plaintiff requests reconsideration of our decision in *Rogers v. RGIS, LLP*, 229 Or App 580, 213 P3d 583 (2009). The Oregon Trial Lawyers Association (OTLA) moved to appear on plaintiff's petition for reconsideration as *amicus curiae*. We granted the motion. We allow plaintiff's petition and adhere to our prior opinion as modified.

The opinion states:

> "Thus, although unsettled at the time the trial court made its decision regarding attorney fees, taken together, the decisions of this court and the Supreme Court in *Gafur* establish that there is no private right of action by an employee for either *unpaid* rest breaks or *unpaid* meal breaks."

229 Or App at 589 (emphasis added) (discussing *Gafur v. Legacy Good Samaritan Hospital*, 344 Or 525, 185 P3d 446 (2008), and *Gafur v. Legacy Good Samaritan Hospital*, 213 Or App 343, 161 P3d 319 (2007)). Plaintiff contends that that sentence characterizes the holdings of this court and the Supreme Court in *Gafur* too broadly. We agree with plaintiff and, accordingly, modify our opinion by deleting the above-quoted sentence and replacing it with the following:

> "Thus, although unsettled at the time the trial court made its decision regarding attorney fees, taken together, the decisions of this court and the Supreme Court in *Gafur* establish that there is no private right of action by an employee for either unprovided rest breaks or unprovided meal breaks."

■ OTLA raises a question concerning our decision affirming the trial court's award of attorney fees against plaintiff. OTLA argues that we should modify our opinion "to make clear the basis for the award of attorney fees against plaintiff * * *." Defendant argues that we should not consider OTLA's arguments because the question that OTLA raises was not assigned as error by plaintiff and is not a question that can be considered, for the first time, in a petition for reconsideration. We agree with defendant.

On appeal, plaintiff assigned error to the trial court's award of *any* attorney fees to defendant, alleging that defendant was not the prevailing party in the action. *Id.* at 584. Specifically, plaintiff argued that, because plaintiff prevailed on some of her claims, "defendant was not entitled to attorney fees" on any of the claims. *Id.*

█ Conversely, while conceding that the trial court properly exercised its discretion in awarding attorney fees to defendant, OTLA argues that we should consider whether our opinion affirming the trial court's award of attorney fees to defendant will deter future good faith unpaid wage claims. OTLA reasons that, because ORS 653.055(4) allows for an award of attorney fees to the prevailing party, in some cases, the trial court may award the employer attorney fees when the employer prevails. Therefore, OTLA concludes, unless we analyze the trial court's exercise of discretion in awarding a prevailing employer attorney fees in this case, future good faith unpaid wage claims will be deterred by the prospect of a trial court abusing its discretion in awarding attorney fees. A petition for reconsideration is not a proper method for making an argument for the first time. ORAP 5.45 (assignments of error must be preserved in the lower court and set out in the opening brief); *Frogge v. U S West Communications, Inc.*, 124 Or App 669, 670, 863 P2d 1313 (1993), *rev den*, 319 Or 36 (1994). Accordingly, we will not consider the question that OTLA raises and express no opinion on that question.

Reconsideration allowed; former opinion modified and adhered to as modified.